# Mark Schlachet, Esq.
3515 Severn Road
Cleveland, Ohio 44118
Tel:216-225-7559
FAX:216-932-5390
email: markschlachet@me.com

1249 East 35th Street                                              Admitted: OH, NY
Brooklyn, New York 11210

September 24, 2019

Hon. Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Magistrate Judge James Orenstein
Eastern District of New York
225 Cadman Plaza East, Room 1227 South
Brooklyn, New York 11201

Re: Pasik v. Boon Technologies, LLC et al, Case No. 19-2357-FB-JO

Honorable Judges Block and Orenstein:

    Undersigned represents Plaintiff in the captioned matter.  We write at this time to request that the Court exercise its inherent authority to *sua sponte* strike a certain unauthorized filing containing the results of a 1982 Select Committee Report ("Report") addressing allegations made against undersigned in his tenure as a United States Bankruptcy Judge . . . not charges or findings following any objective process, but rather, committee's investigators' report long since laid to rest and now resurrected for the first time in almost 40 years.

    Contrary to Civil Rule 5(d)(1)(A) and without leave of court, Defendants' counsel gratuitously filed a purported set of Rule 26(a)(1) disclosures.[1]  Such disclosures do not contain any of the individual identities of witnesses called for by Rule 26(a)(1) but, rather,

---

[1] Civil Rule 5(d)(1)(A) prohibits the filing of Rule 26 disclosures until they are used in the proceeding or the Court orders otherwise.

are a mere pretext for filing the aforesaid Report for an improper purpose. Prior to filing this letter undersigned requested an explanation from defense counsel Borden as to a legitimizing rationale for the Report's filing, citing much of the instant contents . . . but no justification has been forthcoming.

The Report is Exhibit 1 to Defendants' purported Rule 26(a)(1) disclosures. See Dkt.. No. 17-1, pp. 6-18. At bottom the filing lacks civility.

The use of such a document, which by its very nature derides and humiliates counsel, needs a legitimate purpose. It cannot serve merely to harass and humiliate without being reasonably related to its proponent's claim(s) or defense(s):

> In light of the allegations in the complaint, the Court concludes that these articles "amount[] to nothing more than name calling" and do not contribute to plaintiff's substantive claims. *Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, L.L.C.*, 288 F.Supp.2d 473, 481 (S.D.N.Y. 2003) . . . Finally, the inclusion of the articles fosters the false inference that plaintiff's employer is unscrupulous and therefore more likely to have discriminated against plaintiff — an inference the rules of evidence strenuously seek to discourage. *See, e.g.*, Fed. R. Evid. 403, 404. The Court concludes that defendant's motion to strike the newspaper articles should be granted.

*Garzon v. Jofaz Transp., Inc.*, 2013 U.S. Dist. LEXIS 28605, at *5-6 (E.D.N.Y. Feb. 28, 2013)

The filing of the Report appears to be a violation of prevailing standards of civility, prejudicial to the administration of justice, and an abuse of the legal process:

> Standards of civility in the New York legal community appear primarily in (i) Part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR §§ 130-1 and 1200, Appendix A), (ii) Part 221 of the Rules of the Chief Administrator of the Courts (22 NYCRR §§ 221.1 *et seq.*), (iii) various provisions of the Rules of Professional Conduct ("RPC") (codified at 22 NYCRR § 1200), and (iv) local rules for the various courts.

RPC 3.3(f)(2) prohibits a lawyer from engaging "in undignified or discourteous conduct." Under 22 NYCRR § 130-1.1(c)(1) and (2), conduct is sanctionable if "it is completely without merit and . . . "it is undertaken primarily . . . "to harass or maliciously injure another" (mirrored by DR 2-109[a][1] and DR 7-102[a][1], prohibiting a lawyer from bringing an action merely for the purpose of

harassing or maliciously injuring any person).   RPC 3.1(b) provides that a lawyer's conduct is frivolous "for purposes of RPC 3.3 if "the conduct . . . **serves merely to harass or maliciously injure another."** Finally, the foregoing rules were adopted in the EDNY by Local Rule 1.5(b)(5), which is binding on Mr. Borden, appearing pro hac vice, providing for discipline or sanction where "any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York."

In brief, the unauthorized filing of the sham Rule 26(a)(1) disclosures was meant solely to produce prejudicial effects, suggesting that undersigned counsel is untrustworthy by reason of an irrelevant and scandalous 1982 investigative report.  Indeed, although Mr. Borden did not personally attend the Rule 26 Meet & Confer . . . he now states that undersigned "promised"  not to file the Case Management Plan without *again* showing the July 24th document to Defendants' counsel.  This falsehood evidences Mr. Borden's broader strategy to malign counsel.  In truth, at the end of the Rule 26(f) "meet and confer" on September 10, 2018 undersigned told Mr. Borden's associate, David Kwasniewski, that if Mr. Kwasniewski provided input to the Rule 26(f) process, **as he said he would but never did**, Plaintiff would share any additional plaintiff updates to the "joint" submission prior to filing it.  Undersigned never "promised" Mr. Kwasniewski anything, Mr. Kwasniewsky never provided any additional input to the process, and undersigned did not—and had no reason to--again email to Defendants' counsel the exact submission first shared with them on July 24th.[2]

Counsel's filing crosses the line into incivility, leaving undersigned no alternative but to request this Court's immediate relief.  It is an overt attempt to prejudice undersigned *and Plaintiff* before this Court by means of misleading, inflammatory, extraneous, and immaterial matters, thereby impacting the onset of discovery and the ruling on Defendants' anticipated Motion to Dismiss.  Counsel's filing has no place--or precedent—in the practice before this Court.  The Report has nothing to do with this case and its filing cannot be justified as zealous advocacy.  Mr. Borden's effort to mislead this Court as to undersigned's trustworthiness undermines and is deleterious to the administration of justice and the rule of law.  Tactics such as defense counsel's here have no place in the practice before this or any other court.

                                              Respectfully submitted,

                                              /s/ Mark Schlachet___
                                                Mark Schlachet

cc: Matthew Borden, Esq. (via ECF)

---

[2] Mr. Kwasniewski's Motion for Pro Hac Vice admission (Dkt. No. 18) suggests that he will be in Court before Your Honors on Wednesday, September 25, 2019.  We see no reason why the Court ought not put both counsel-participants in the Rule 26(f) "meet and confer" under oath and thereupon question counsel as to such matters as the Court may deem relevant to the instant request for relief..