# BRAUN**HAGEY** & BORDEN LLP

San Francisco & New York

**Matthew Borden, Esq.**

Partner

borden@braunhagey.com

September 24, 2019

**VIA ECF**

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Room 1227 South
Brooklyn, New York 11201

> **Re:** *Pasik v. Boon Technologies, LLC*, **E.D.N.Y. Case No. 19-2357-FB-JO**

Your Honors:

We represent Defendants Stephanie Boone, Boon Technologies, LLC, and Wondercide, LLC in the above matter. We write in brief response to Plaintiff's unauthorized letter, styled as a "motion to strike" Defendants' case management conference statement (Dkt. No. 19.) For the reasons outlined below, the letter is misleading and should otherwise be disregarded as contrary to Local Rule 7.1 and this Court's Individual Motion Practices and Rules § 2.

Wondercide makes, *inter alia*, non-toxic pest control products for pets.[1] In advance of the parties' Initial Case Management Conference set for tomorrow, September 24, Wondercide timely filed the case management statement at issue. In doing so, it complied with all of the Court's Orders and requirements. Plaintiff's letter objects that Wondercide attached its initial disclosures to its statement. But Wondercide only did so to refute his inaccurate accusation that Defendants had not made their initial disclosures (Dkt. No. 16 at 1).

---

[1] Plaintiff has gratuitously named Ms. Boone as a party. There are no factual allegations establishing why she was sued in the operative pleading or any argument to that effect in any of the filings by Plaintiff.

**San Francisco**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

September 24, 2019
Page 2

Plaintiff's main complaint, though, is that Defendants attached findings by the Sixth Circuit Court of Appeals that Plaintiff's lawyer had misused his authority as a Bankruptcy Judge in Ohio for his own economic gain and the gain of his friends and family. For example, the Sixth Circuit found:

> The committee finds that Judge Schlachet violated Canons 2, 3(B)(4) and 5(c)(1) of the Code of Judicial Conduct and Rule 505, Federal Rules of Bankruptcy Procedure in his appointment of Mr. Lewis A. Zipkin, with whom he has a business and professional relationship, to a number of significant and highly remunerative positions in cases pending before him.

(Dkt. No. 17-1 at 10.) The findings of Mr. Schlachet's ethical violations – appointing friends and family, hiding assets, failing to report information to the United States Attorney – are extensive. (*Id*. at 10-17.)

The reason Mr. Schlachet's ethical violations are attached to Wondercide's initial disclosures is that Rule 26 requires production of documents relevant to the issues in the case. The documents are relevant because Plaintiff has made class action allegations. Plaintiff seeks to represent a supposed "class" of people in NY who went on the website Amazon.com, saw the same images and text Plaintiff purports to have seen, failed to scroll down on the screen to read the ingredients that Amazon posted, as Plaintiff claims he did, and bought Wondercide's flea and tick spray because they somehow did not want sodium laurel sulfate. To the extent these claims are not dismissed – and by all rights they should be – Plaintiff will have to prove all the elements of Rule 23(a) and (b)(3).

Given the potential for class action allegations to be abused in an extortive manner, Courts are required to scrutinize who may seek to represent a class under the adequacy prong of Rule 23(a). Courts have repeatedly held that a lawyer's previous unethical conduct is material to whether he or she can ever serve as class counsel. For example, as Judge Garaufis has explained: "A serious or, equivalently, a 'major' ethical violation, should place on class counsel a heavy burden of showing that they are adequate representatives of the class." *In re Exp. Anti-Steering Rules Antitrust Litig*., Nos. 11–MD–2221 (NGG)(RER), 13–CV–7355 (NGG)(RER), 2015 WL 4645240, \*21 (E.D.N.Y. Aug. 4, 2015) (quoting *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 919 (7th Cir. 2011) (denying class certification on adequacy grounds). Countless Courts have agreed. *Ashford Gear*, 662 F.3d at 918 ("When class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class."); *Reliable Money Order, Inc. v. McKnight Sales Co*., 704 F.3d 489, 498 (7th Cir. 2013) ("an attorney's misconduct or ethical breach is pertinent" to their adequacy to represent a class); *Yumul v. Smart Balance, Inc*., 2010 WL 4352723, \*4 (C.D. Cal. Oct. 8, 2010) (collecting cases) ("In determining whether to certify a class in this case, however, unethical conduct by plaintiff's counsel would be a relevant consideration."); *Walter v. Palisades Collection, LLC*, Civil Action No. 06-378, 2010 WL 308978, \*10 (E.D. Pa. Jan. 26, 2010) ("Prior unethical conduct is a relevant consideration pursuant to certification under Rule 23(a)(4)"); *Walter v. Palisades Collection, LLC*, No. 06-378, 2010 WL 308978, \*9 (E.D. Pa. Jan. 26, 2010) ("in the class action context, where counsel is charged with representing the interests

September 24, 2019
Page 3

of absentee class members, it is necessary and appropriate to delve into the particular qualifications of [proposed class counsel]"); *Bogner v. Masari Investments, LLC*, 257 F.R.D. 529, 533 (D. Ariz. 2009) (examining prior ethical complaints against proposed class counsel); *Hall v. Midland Group*, No. Civ. A. 99-3108, 2000 WL 1725238, *3 (E.D. Pa. Nov.20, 2000) ("The character and ethics of class counsel may conceivably bear on the adequacy of representation"); *see also White v. Experian Info. Sols*., 993 F. Supp. 2d 1154, 1170 (C.D. Cal. 2014) (considering "prior ethical conduct … under the final residual factor, 23(g)(1)(A), as 'any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class'"); *Friedman-Katz v. Lindt & Sprungli (USA), Inc*., 270 F.R.D. 150 , 159 (S.D.N.Y. 2010) (denying class certification on adequacy grounds based in part on unethical conduct by plaintiff's lawyers).

The lone decision cited by Plaintiff, *Garzon v. Jofaz Transportation, Inc*., No. 11–CV– 5599 (RRM)(VVP), 2013 WL 783088 (E.D.N.Y. Mar. 1, 2013), is not on point.  It did not deal with the adequacy requirement under Rule 23(a) or findings of serious ethical violations; it concerned a motion to strike inadmissible and unrelated newspaper articles that a *pro se* litigant had attached to her complaint.  For the reasons above, the extensive findings attached to Defendants' Rule 26 disclosures not only are relevant to an issue in the case, they will be probative of why Plaintiff and/or his lawyer are incapable of representing any supposed class. While it is obviously premature to litigate adequacy, Wondercide was within its rights to refute Plaintiff's unfounded accusation that it had not complied with Rule 26.  *Cave quid volunt*.

\*   \*   \*

In sum, Plaintiff's unauthorized filing has no legal basis and ignores established law. Many of the factual statements in it, which this letter will not waste time refuting, are untrue. Forcing Defendants to respond to this letter is a further effort to impose needless expense and burden on a small, out-of-state business whose products are far more beneficial to pets, consumers and the environment than the industry standard products that employ fully synthetic neurotoxins and carcinogens.  Wondercide's labeling has been approved by multiple state and federal regulators, and its ingredients are so safe that the Food and Drug Administration considers them safe for humans to eat.  Plaintiff's letter, like this case, is baseless.  The requested relief (striking Defendants' case management conference statement) also makes no sense and should be denied.

Respectfully submitted,

Matthew Borden

cc      Mark Schlachet, Esq. (via ECF)