```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


---------------------------------------X
                                       :
CHANAN NATHAN PASIK,                   :
                                       :
                Plaintiff,             :  19-CV-02357 (FB)(JO)
                                       :
           v.                          :
                                       :  September 25, 2019
BOON TECHNOLOGIES, LLC, et al.,        :
                                       :  Brooklyn, New York
                Defendant.             :
                                       :
---------------------------------------X

        TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
             BEFORE THE HONORABLE JAMES ORENSTEIN
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          MARK SCHLACHET, ESQ.
                            Law Offices of Mark Schlachet
                            3515 Severn Road
                            Cleveland, Ohio 44118


For the Defendants:         DAVID KWASNIEWSKI, ESQ.
                            BraunHagey & Borden LLP
                            351 California Street, 10th Floor
                            San Francisco, California 94104


Court Transcriber:          SHARI RIEMER, CET-805
                            TypeWrite Word Processing Service
                            211 N. Milton Road
                            Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service

                                                                 2

1    (Proceedings began at 12:40 p.m.)
2              THE CLERK:  Civil cause for an initial conference,
3    Pasik v. Boon Technologies, LLC, et al., Docket No.
4    19-CV-2357.
5              Will the parties please state your appearances for
6    the record starting with the plaintiff.
7              MR. SCHLACHET:  Mark Schlachet for the plaintiff,
8    Your Honor.
9              THE COURT:  Good morning.  Good afternoon, rather.
10             MR. KWASNIEWSKI:  Good afternoon, Your Honor.  David
11   Kwasniewski for the defendants.
12             THE COURT:  Good afternoon.  Have you -- you had a
13   motion pending for pro hoc vice.  Was that granted yet?
14             MR. KWASNIEWSKI:  I did, Your Honor.  I haven't seen
15   an order come across.
16             THE COURT:  All right.  We'll talk about that.  Have
17   a seat, please.  I'll certainly admit you for purposes of
18   today's conference with me.
19             MR. KWASNIEWSKI:  Thank you, Your Honor.
20             THE COURT:  So, bring me up to speed on what
21   happened with Judge Block?
22             MR. SCHLACHET:  Well, Your Honor, Marc Schlachet.
23   Whatever I leave out, please supplement.
24             THE COURT:  Yeah, and do feel free both of you if
25   you prefer to stay seated and make yourself comfortable.

3

1      MR. KWASNIEWSKI: Thank you, Your Honor.
2      THE COURT: Out of habit, that's fine.
3      MR. SCHLACHET: Yeah. Yeah. I think we made some
4 progress. We first talked about amending the complaint to
5 satisfy some insufficiencies that the other side was claiming.
6 And the first resolution was to advise Judge Block within five
7 days whether plaintiff intended to amend the complaint again
8 and then take twenty days if plaintiff decided that it would
9 amend. We then talked about the letter that I filed on the
10 responsive letter that was filed by the other side respecting
11 this recent filing of an investigative report.
12     THE COURT: Yeah. No, I'll probably discuss that as
13 well, but was any action taken?
14     MR. SCHLACHET: Well, Judge -- we did discuss it and
15 Judge Block said that he wants Your Honor to address that
16 issue.
17     THE COURT: Okay, that's fine.
18     MR. SCHLACHET: And the third point we got to was
19 the possibility of resolution, which I think plaintiff
20 suggested that the case, you know, is solvable and Judge Block
21 agreed and I believe counsel agreed that it was worth talking
22 about. Judge Block ordered the case to mediation and stayed
23 any further action on the amending of the complaint at this
24 time leaving the subject of my motion to strike to Your Honor.
25     THE COURT: Okay. All right. Did that leave

4

1  anything out or misstate anything?
2          MR. KWASNIEWSKI:  No, that's correct, Your Honor.
3  The upside is that we've been ordered to mediation.
4          THE COURT:  Okay, great.  All right.  So, well, in
5  that case, I'm not going to enter a discovery schedule at this
6  time.  On the motion to strike and the submissions that
7  preceded it, look, I entered an order telling you to meet and
8  confer, come up with a discovery plan and submit a joint
9  discovery plan.  That doesn't give you leave on either side to
10 submit a unilateral plan.  And if you can't comply, just say,
11 you know, here's why I can't comply but don't submit something
12 unilaterally.
13         Mr., is it Kwasniewski?
14         MR. KWASNIEWSKI:  Yes, Your Honor.
15         THE COURT:  Mr. Kwasniewski -- have a seat -- in
16 your submission, which I think is by far been more troubling,
17 you violated Rule 5(d) to put before the Court what purports
18 to be the initial disclosures, which 5(d) makes clear you
19 shouldn't do.  Your initial disclosures were a transparent
20 effort to sully Mr. Schlachet's reputation without
21 accomplishing anything in the case.
22         Your list of witnesses include the plaintiff and
23 personnel of the defendant.  You don't identify people, though
24 clearly you know who your people are.  You don't identify any
25 documents that you're going to use in your defense except the

1  one document from forty years before the case arose.  So, two
2  completely independent -- reasons that are independent of your
3  reference to, well, that forty-year-old report may have some
4  relevance to a motion to certify a class, which we'll get to
5  in a moment but completely independent of that, you submitted
6  a report unilaterally contrary to my instructions and you
7  submitted within that initial disclosures in contravention of
8  Rule 5(d).
9           So for that reason alone, I'm striking it and I'm
10 also striking the unilateral submission by the plaintiff.
11 Neither should have been put on the docket.  You have a fig
12 leaf for putting that investigative report from forty years
13 ago on the docket, and that might serve to get you past a
14 grievance committee investigation into whether you violated
15 the New York Code of Professional Responsibility Rules 3.1(a)
16 and (b)(2) about non-meritorious contentions and also Rule
17 3.4(d)(1) about fairness to opposing party and counsel.  It
18 says that a lawyer shall not in appearing before a tribunal on
19 behalf of a client state or allude to any matter that the
20 lawyer does not reasonably -- emphasize reasonably --
21 reasonably believe is relevant or that will not be supported
22 by admissible evidence.
23          So, like I say, the arguments that you put in your
24 letter might be a sufficient fig leaf to get you past
25 discipline.  I don't want to see anything like that again in

1  this case or from you ever.  And it gives me some serious
2  pause to whether your motion for admission pro hoc vice should
3  be granted.  It was a low blow.
4          Tell your colleagues on the case not to do it again;
5  am I understood?
6          MR. KWASNIEWSKI:  I understand, Your Honor.
7          THE COURT:  Good.  Motion to grant -- the motion to
8  strike is granted.  I am also directing the clerk --
9          MR. SCHLACHET:  Thank you, Your Honor.
10         THE COURT:  -- to strike the plaintiff's unilateral
11 submission.  If and when we get to the point where I'm again
12 soliciting a joint discovery plan, I will expect you to submit
13 a joint plan.  You will sit across the table from each other
14 and talk to each other like lawyers who are interested in
15 resolving the case on the merits for your clients.
16         I take these rules seriously, Mr. Kwasniewski, even
17 if you and your colleagues do not.  So I think you would be
18 best served if the next thing you tell me is not a defense of
19 your conduct.  If there's a question, by all means ask.
20         MR. KWASNIEWSKI:  Your Honor, I simply want to say
21 that I do also take these rules seriously.
22         THE COURT:  I'm confident that your future conduct
23 in the case if you are permitted to appear here pro hoc vice,
24 notwithstanding your apparent disregard of the rules of
25 jurisdiction in which you seek to practice for this case.  If

7

1 that motion is granted, I am confident that your future
2 conduct will reflect that you take the rules seriously.
3 Anything else?
4     MR. KWASNIEWSKI:  No, Your Honor.
5     THE COURT:  Good.  All right.  So you'll be referred
6 to mediation either by me or Judge Block.  And once the
7 mediation has happened, we'll schedule further proceedings as
8 appropriate.  Have a good day everybody.
9     MR. SCHLACHET:  Thank you very much, Your Honor.
10     MR. KWASNIEWSKI:  Thank you.
11 (Proceedings ended at 12:49 p.m.)
12
13                          * * * * * *

8

1    I certify that the foregoing is a court transcript from
2 an electronic sound recording of the proceedings in the above-
3 entitled matter.
4
5    _____
6             Shari Riemer, CET-805
7 Dated:  September 27, 2019