# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**David H. Kwasniewski, Esq.**
kwasniewski@braunhagey.com

December 10, 2019

**VIA ECF**

The Honorable James Orenstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Response re: December 10, 2019, Discovery Order – *Pasik v. Boon Technologies, LLC*, et al., E.D.N.Y. Case No. 19-2357-FB-JO

Your Honor:

      We write on behalf of Defendants Boon Technologies, LLC, et al., in brief response to Plaintiff's counsel's unilateral discovery motion (Dkt. 26) and Your Honor's ensuing December 10, 2019, Order. We fully appreciate the Court's concerns regarding the scheduling of discovery and, as indicated below, look forward to entering a schedule at tomorrow's Status Conference.

      As part of that discussion, we hope to underscore that for the past several months, Defendants were operating with a shared understanding, based on representations to our office and to Judge Block, that discovery was stayed pending resolution of Defendants' duly-authorized Motion to Dismiss. On September 25, 2019, Judge Block informed the parties that pursuing discovery during the pendency of the Motion to Dismiss would be not be "necessary." These facts are admitted in contemporaneous correspondence, as well as in Plaintiff's counsel's recent December 9, 2019 submission (Dkt. 27) (confirming that "Judge Bloc[k] may have asked plaintiff's counsel whether he would consent to a stay of discovery during the briefing of the motion to dismiss, to which plaintiff's counsel answered affirmatively."). *See also* 10-16-2019 Borden Email ("My understanding is that discovery is stayed.").

      Plaintiff now purports to have unilaterally decided to renege on his representations to the trial court and his agreement with counsel regarding the timing of discovery. He does so apparently to convince Your Honor that Defendants' undersigned counsel was recalcitrant in meeting and conferring around discovery. Factually that is simply not true. What Plaintiff's counsel also fails to disclose is that Plaintiff did nothing to pursue discovery in this action *for over eight weeks,* from September 25 to November 20, 2019. It was only after that date, when

| | |
|---|---|
| **San Francisco** | **New York** |
| 351 California Street, 10th Floor | 7 Times Square, 27th Floor |
| San Francisco, CA 94104 | New York, NY 10036-6524 |
| Tel. & Fax: (415) 599-0210 | Tel. & Fax: (646) 829-9403 |

December 10, 2019
Page 2

lead counsel was still in trial in a separate matter in the Northern District of California, that counsel demanded to restart discovery.

Plaintiff's counsel also failed to advise Your Honor that when he filed his unauthorized letter motion, the parties were in the middle of negotiating submissions for the status conference. The filing itself also contravened Your Honor's express order at the September 25 hearing that any discovery-related application to the Court be made jointly. *See* December 2, 2019 Order ("I will disregard any unilaterally submitted discovery proposal.").

Counsel's letter also misinformed the Court regarding the substance of Defendants' efforts to respond to discovery and our good faith efforts to resolve the parties' dispute regarding the timing of discovery. I personally have engaged in dozens of communications with Plaintiff's counsel on discovery issues since November 20. In that correspondence, we have raised Defendants' concerns – also expressed to Judge Block – that Plaintiff was seeking to use interim discovery as part of counsel's transparent effort to extort a settlement payment before his claims (which are defective on their face) are dismissed.

For context, on November 18, 2019, the parties attended a mediation, which was ultimately unsuccessful. The next day, Plaintiff's counsel asked about setting a briefing schedule for the Motion to Dismiss. He followed that up the next day with a request to meet and confer about "lifting the stay on discovery." This was the first time Mr. Schlachet had mentioned discovery since October.

At the time, I was traveling and my co-counsel, Matthew Borden, was in the middle of a multi-week jury trial, so I wrote back to Plaintiff's counsel informing him we would get back to him soon. Before we could do so, on November 29, 2019, Plaintiff's counsel filed a "letter motion to expedite," which specifically requested "the Court make clear by order that discovery shall or shall not proceed." (Dkt. 25.) On December 2, 2019, the Court denied this letter motion and indicated all discovery matters should be taken up with Your Honor. That same day, Your Honor ordered the parties to appear for a discovery planning conference on December 11, 2019.

Following this order, on December 5, 2019, I wrote to Plaintiff's counsel to propose a briefing schedule for the Motion to Dismiss, with Defendants' opening brief to be filed on January 17, 2020, an opposition deadline of February 7, and a reply deadline of February 28. I proposed this schedule on the assumption that discovery would remain stayed until the motion was resolved, consistent with Judge Block's guidance. I also proposed that the parties submit a joint letter to Your Honor indicating that discovery was to remain stayed.

In response, Plaintiff's counsel for the first time said he did "not recall" Judge Block discussing any discovery stay and said he would be filing a letter with the Court if I did not call him "immediately to discuss a discovery plan," which Mr. Schlachet in fact did the morning of December 6. (Dkt. 26.)

After counsel filed his letter, I followed up later that same day and again suggested the parties proceed with a joint submission, and sent him a draft. The parties worked on this joint

December 10, 2019
Page 3

submission over the weekend.  Following Your Honor's December 9, 2019, order, I called Mr. Schlachet to further discuss the joint submission, and the parties finalized and filed the submission that evening.  (Dkt. 27.)

* * *

We have great deference and respect for the Court's efforts to expeditiously move this case forward and look forward to being equal partners in that process.  At the same time, we also must profess our concern regarding the misuse of the legal system by Plaintiff's counsel in putative class action cases like this, where the claims are infirm on their face, never capable of class treatment, and where the burden and expense of discovery is used as a means of demanding extortionate individual cash settlements.  This is particularly true in this case where our clients, a family-run business based in Austin, Texas, has relatively few sales in New York and scant resources to defend itself from spurious claims about product labels which Plaintiff admits he did not even read.  (Our client's products also are subject to extensive state and federal regulatory scrutiny.)

In any event, at no point did we ever understand Your Honor's order to be lifting the discovery stay or ordering that the parties must submit an active discovery schedule before determination of Defendants' Motion to Dismiss.  If that had been the case, we promptly would have complied with the Court's directive.

As for the potential of monetary sanctions and/or withdrawal of my *pro hac vice* status, I take the Court's suggestion extremely seriously.  My practice is dedicated to helping advise and protect consumer product companies like Wondercide, often in difficult situations where the family business is threatened.  As a firm, we have successfully litigated and dismissed well over a hundred putative class actions, including in many circumstances where plaintiffs have sought to use "cost of discovery" to extort settlement payments on otherwise objectively frivolous claims.  At the same time, I take my duty to this Court and the judicial system seriously.  Since graduating law school from Cornell in 2011 I have never been sanctioned or subject to any disciplinary action, whether at my prior firm Steptoe & Johnson or with BraunHagey & Borden LLP.

I fully appreciate the Court's concerns and look forward to hopefully addressing them tomorrow.

We again appreciate Your Honor's attention to this matter.

                                                Respectfully submitted,

                                                David Kwasniewski

Cc:     All Counsel of Record (via ECF)