# Mark Schlachet, Esq.
Tel:216-225-7559
email: markschlachet@me.com

| | |
|---|---|
| **3515 Severn Road** | **9511 Collins Ave.** |
| **Cleveland, Ohio 44118** | **Apt. 605** |
| | **Surfside, FL 33154** |
| **1249 East 35th Street** | **(Succos-Shavuos)** |
| **Brooklyn, New York 11210** | |
| | **Admitted: OH, NY** |

December 26, 2019

Magistrate Judge James Orenstein
Eastern District of New York
225 Cadman Plaza East, Room 1227 South
Brooklyn, New York 11201

Re: Pasik v. Boon Technologies, LLC et al, Case No. 19-2357-FB-JO

Dear Judge Orenstein:

     Undersigned represents Plaintiff in the captioned matter.  We write at this time to request relief from defense counsel's continued misuse and exploitation of that certain 1982 episode wherein undersigned, then a United States Bankruptcy Judge, was the subject of investigation before the Judicial Council for the United States Sixth Circuit Court of Appeals.  We sought on December 23d to meet and confer on this matter with Mr. Kwasniewski, but he has been unresponsive:

     David:

     I am considering RFP's 11-13 and I believe they violate various canons of legal ethics.  On December 11th you told the Judge that you would behave yourself.  I may call the infraction to Judge Orenstein's attention.

     I will give you an opportunity to meet and confer and assure me that these continual references to this humiliating experience some 38 years ago will cease . . . other than under seal to the Court.  If I do not hear from you by COB tomorrow, I will conclude that you do not wish to meet and confer . . .and take action accordingly.

     Your Honor will recall that on September 23, 2019 defendants' counsel Matthew Borden executed and filed a certain Defendants' Case Management Conference Statement and Discovery Plan.  Attached to the proposed Discovery Plan as Exhibit 1 was Defendant's Rule 26(A)(1)

Initial Disclosures, executed by Mr. Borden's law partner, J. Noah Hagey, Esq. Contrary to Local Rule 5(d), the Initial Disclosures were filed directly with the Court.[1]

Attached to the Initial Disclosures as Exhibit A was a highly inflammatory 1982 Select Committee Report ("Report") addressing allegations made against undersigned in his tenure as a United States Bankruptcy Judge for the Northern District of Ohio (1977-1982). Undersigned protested and moved to strike the filing of the Report in a letter filed September 24, 2019; and Judge Block directed that Your Honor consider the matter. Accordingly on September 25, 2019, when the parties appeared before the Court, Your Honor addressed Attorney David Kwasniewski as follows:

> Your initial disclosures were a transparent
> effort to sully Mr. Schlachet's reputation without
> accomplishing anything in the case.
>
> You have a fig leaf for putting that investigative report from forty years
> ago on the docket, and that might serve to get you past a
> grievance committee investigation into whether you violated
> the New York Code of Professional Responsibility Rules 3.1(a)
> and (b)(2) about non-meritorious contentions and also Rule
> 3.4(d)(1) about fairness to opposing party and counsel.
>
> I don't want to see anything like that again in
> this case or from you ever. And it gives me some serious
> pause to whether your motion for admission pro hoc vice should
> be granted. It was a low blow.

Subsequent to the September 25th hearing, on December 11, 2019, the Court had to admonish Mr. Kwasniewski a second time for failing to meet and confer pursuant to Your Honor's instruction to develop a joint discovery plan. Following that appearance the Court docketed the following minutes:

> I cautioned the defendants' counsel that, in light of the history of his conduct in this
> litigation, continued failure to comply with court orders will result in his disqualification
> and a referral to the Committee on Grievances.

Incredibly, Mr. Kwasniewski and his two senior partners have displayed a continued fixation, pretextually, with the subject 1982 occurrences aforesaid, using them to humiliate undersigned repeatedly. On December 13, 2019, just two days following the hearing minutes aforesaid, Mr. Kawasniewski's firm, under the signature of its founding member, propounded these Rule 34 Requests (Exhibit hereto):

---

[1] Local Civil Rule 5(d)(1)(A) prohibits the filing of Rule 26 disclosures until they are used in the proceeding or the Court orders otherwise.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS concerning *In re Investigation of Bankruptcy Judge Mark Schlachet*, No. 82-6-372-01 before the Judicial Council of the Sixth Circuit Investigative Committee.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between YOUR lawyer and the Ohio State Bar concerning *In re Investigation of Bankruptcy Judge Mark Schlachet*, No. 82-6-372-01 before the Judicial Council of the Sixth Circuit Investigative Committee.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS between YOUR lawyer and the New York State Bar concerning *In re Investigation of Bankruptcy Judge Mark Schlachet*, No. 82-6-372-01 before the Judicial Council of the Sixth Circuit Investigative Committee.

RFP's 11-13 are a transparent attempt to harass opposing counsel and "sully" his image in his client's eyes. Transparent because the client obviously has not been briefed on the events of 1982; transparent because the client would not have possession, custody or control of *counsel's* documentation relating any bar association interactions in 1982; transparent because undersigned, though he passed the Bar in 1969, did not even register with the New York Bar until 2007. Even if defense counsel have a "fig leaf" to cover for RFP No. 11, they certainly don't even have a "fig leaf" as to RFP's 12-13.

After giving the matter much thought, and with a January 6, 2020 deposition of plaintiff nearing, undersigned has no choice but to bring this matter to the Court's attention. What the firm of BraunHagey & Borden LLP is now doing is pure harassment, with all "hands on deck" who, by their signatures, would seal their daring in blood:

> 22 NYCRR Part 1200, Appendix A – 8. Avoid use of any aspect of litigation process as means of harassment or as vehicle to unnecessarily prolong the length or costs of litigation

BraunHagey & Borden seeks not only seek to bring 1982 to the Court's attention, to "sully," but moreover, they seek to harass on every occasion possible; and they must not harass plaintiff at his deposition on January 6th.

Counsel requests that the Court enter such protective order or other relief as to the Court shall appear just and appropriate.

Respectfully submitted,

/s/ Mark Schlachet