**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Chanan Nathan Pasik, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>Boon Technologies, LLC, et al.,<br><br>        Defendants. | Case No. 19-2357-FB-JO<br><br>**DEFENDANT BOON TECHNOLOGIES, LLC'S REQUESTS FOR PRODUCTION, SET ONE, TO PLAINTIFF CHANAN NATHAN PASIK** |

Pursuant to Federal Rule of Civil Procedure 34, Defendant Boon Technologies, LLC ("Defendant") hereby demands production for inspection, photographing and copying the documents and tangible things described in the categories below by no later than thirty (30) days after service of this pleading at the law offices of BraunHagey & Borden LLP, 7 Times Square, 27th Floor, New York, NY 10036.

**DEFINITIONS**

1.      "PLAINTIFF," "YOU" and "YOUR" shall mean to include collectively and individually, Chanan Nathan Pasik, and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under their control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

2.      "DEFENDANT" shall include, collectively and individually, Defendant Boon Technologies, LLC and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under its control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

3.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, telephone calls, emails (whether via company server or personal webmail or similar

1

accounts), faxes, text messages (on work or personal phones), instant messages, social media messages, Skype or Voice over Internet Protocol messages, letters, notes, and voicemails.

4.      "COMPLAINT" shall mean the operative complaint in the above-captioned action.

5.      "CONCERNING" includes supporting, referring to, relating to, alluding to, responding to, commenting on, reviewing any aspect of, discussing, describing, mentioning, analyzing, constituting, evidencing and/or pertaining to the subject of the demand for inspection.

6.      "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rules of Civil Procedure 34(a)(1s)(A), including, but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including, but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including, without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.  A draft or non-identical copy is a separate document within the meaning of this term.

7.      "HOUSEHOLD PRODUCTS" shall mean all consumer goods for use in or around the home, including, but not limited to, cleaning solutions, window cleaner, carpet cleaner, dish or dishwasher soap, laundry detergent, disposable wipes, cleaning pads, mop pads, pesticides, rodenticides, insecticides, fungicides, weed killing products, or fertilizers.

8. "PERSONAL CARE PRODUCTS" shall mean all consumer goods intended to be used on a person's body, including soap, shampoo, hair conditioner, body wash, face wash, hand lotion, body lotion, massage oils or similar products, flushable wipes, moisturizers, personal lubricant, condoms, or dental dams.

9. "PET CARE PRODUCTS" shall mean all consumer goods intended to be used on a pet animal, including soap, shampoo, conditioner, toothpaste, pesticides, insecticides, fungicides, or rodenticides.

10. "FOOD PRODUCTS" shall mean any prepackaged egg mixes or powders, fruit juices or concentrates or powdered juices, or marshmallows or marshmallow products.

11. "IDENTIFY" when used with respect to facts, actions, or tangible items, shall mean to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons necessary to provide detailed information concerning the relevant facts, actions, or tangible items.

12. In the case of a person other than a natural person, "identify all persons" shall mean to state: its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer.

13. With respect to natural persons, "identify all persons" shall mean to state: the name of the person; the person's current business address, including the name of the entity at which he or she works; if no business address is known, state the residential address.

14. "IDENTIFY ALL DOCUMENTS" shall mean: to state the Bates page number (*i.e.*, the page number placed on documents by counsel for purposes of identification in this litigation) of any document produced in this case by you to Defendant; or for any document not produced in this case by Plaintiff to Defendant, to state the date of the document, the type of

document (*e.g.*, email, letter, or memo), the creator of the document, and other information sufficient to reasonably describe the document.

15. A request for all documents or communications "related to" or "relating to" a subject extends to each document making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

16. The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for the production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

## **INSTRUCTIONS**

1. The following inspection demands seek production for inspection and copying of all responsive Documents in your possession, custody, or control, wherever located, and specifically includes all Documents in the possession, custody, or control of your agents, partners, officers, employees, attorneys, accountants, investigators, representatives, and each of them.

2. Any non-identical copy of a Document, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate Document.

3. If there are no Documents responsive to a category in this inspection demand, please state so in writing.

4. For each Document that you decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

    a.    State the date on which the Document was created;

    b.    State the title of the Document;

    c.    Briefly describe the nature and contents of the Document;

4

d.      Identify all persons that received a copy of the Document or to whom the Document or its contents were disclosed;

e.      Identify the privilege or rule that you contend protects the Document from disclosure; and

f.      Identify each fact on which you base your contention that the privilege or rule identified in your response is applicable.

5.      If any material is redacted from a Document, please so indicate in the response to the inspection demand and state the basis for such redaction.

6.      Please produce the original of each Document and all copies thereof, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the objects or tangible things to be produced pursuant to these inspection demands has been destroyed, lost or otherwise disposed of, please state for each category the following information:

a.      A description of the Document, object or tangible thing to be produced. If the destroyed, lost or otherwise disposed of item is a Document, identify the Document by date, drafter, recipient and subject matter;

b.      The date the Document, object or tangible thing was lost, destroyed or disposed of;

c.      All witnesses who have knowledge of the loss, destruction or disposal; and

d.      If the loss, destruction or disposal related to an object or tangible thing, identify all documents that related to or refer to the loss, destruction or disposal.

8.      If a Document is responsive to a request for production and is in your control, but not in your possession or custody, identify all persons with possession or custody.

5

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to IDENTIFY all HOUSEHOLD PRODUCTS YOU purchased since April 23, 2018, including but not limited to all receipts.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to IDENTIFY all PERSONAL CARE PRODUCTS YOU purchased since April 23, 2018, including but not limited to all receipts.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to IDENTIFY all PET CARE PRODUCTS YOU purchased since April 23, 2018, including but not limited to all receipts.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to IDENTIFY all FOOD PRODUCTS YOU purchased since April 23, 2018, including but not limited to all receipts.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS concerning all purchases you made on the website amazon.com since April 23, 2018, including but not limited to all receipts.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to IDENTIFY all memberships, frequent shopper's clubs, discount cards, or any other affiliation YOU have with any retailer of HOUSEHOLD PRODUCTS.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to IDENTIFY all memberships, frequent shopper's clubs, discount cards, or any other affiliation YOU have with any retailer of PERSONAL CARE PRODUCTS.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to IDENTIFY all memberships, frequent shopper's clubs, discount cards, or any other affiliation YOU have with any retailer of PET CARE PRODUCTS.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to IDENTIFY all memberships, frequent shopper's clubs, discount cards, or any other affiliation YOU have with any retailer of FOOD PRODUCTS.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to IDENTIFY all memberships, frequent shopper's clubs, discount cards, or any other affiliation YOU have with any retailer of HOUSEHOLD PRODUCTS.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS concerning *In re Investigation of Bankruptcy Judge Mark Schlachet*, No. 82-6-372-01 before the Judicial Council of the Sixth Circuit Investigative Committee.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between YOUR lawyer and the Ohio State Bar concerning *In re Investigation of Bankruptcy Judge Mark Schlachet*, No. 82-6-372-01 before the Judicial Council of the Sixth Circuit Investigative Committee.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS between YOUR lawyer and the New York State Bar concerning *In re Investigation of Bankruptcy Judge Mark Schlachet*, No. 82-6-372-01 before the Judicial Council of the Sixth Circuit Investigative Committee.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS concerning YOUR allegation that Sodium Lauryl Sulfate is not a natural or naturally derived product.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS concerning YOUR allegation that Ethyl Lactate is not a natural or naturally derived product.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS concerning YOUR allegation that Sodium Lauryl Sulfate is not safe.

**REQUEST FOR PRODUCTION NO. 17:**

All demand letters YOUR lawyer sent to consumer goods companies since April 23, 2015.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS concerning any receipts for any Wondercide products YOU purchased.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS concerning any packaging of any Wondercide product YOU purchased.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS supporting YOUR contention that "Ms. Boone is individually responsible for all actions challenged [in the complaint] as wrongful," as alleged in Paragraph 30 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS supporting YOUR contention that any Wondercide product was unsafe if used as directed, as alleged in Paragraphs 12–15 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS concerning any safety testing YOU conducted on any Wondercide Product.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS concerning any toxicological analysis YOU conducted on any Wondercide Product.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS concerning the source or method of processing of the Sodium Lauryl Sulfate in any Wondercide Product.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS concerning whether the Sodium Lauryl Sulfate in any Wondercide Product was not naturally derived.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS concerning whether the Ethyl Lactate in any Wondercide Product was a "synthetic chemical" as YOU allege on page 8 and in paragraph 47 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS concerning any safety testing YOU conducted on any Wondercide Product.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS with anyone other than your lawyer concerning this case.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS concerning your responses to Defendant's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS concerning your responses to Defendant's First Set of Requests for Admission.

Dated: December 13, 2019

BRAUNHAGEY & BORDEN LLP

By: _____
J. Noah Hagey

J. Noah Hagey, Esq.
Matthew Borden, Esq.
David H. Kwasniewski, Esq.
BRAUNHAGEY & BORDEN LLP
7 Times Square, 27th Floor
New York, NY 10036
Tel./Fax: (646) 829-9403
hagey@braunhagey.com
borden@braunhagey.com
kwasniewski@braunhagey.com

*Counsel for Defendant*
*Boon Technologies, LLC*