## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

CHANA NATHAN PASIK, individually and on behalf of others similarly situation,

        Plaintiff,

    v.

BOON TECHNOLOGIES, LLC, *et al.*,

        Defendant.

Case No: 1:19-CV-2357-FB-JO

## DEFENDANTS BOON TECHNOLOGIES, LLC; WONDERCIDE, LLC; AND STEPHANIE BOONE'S RESPONSE TO THE COURT'S SCHEDULING ORDER OF DECEMBER 27, 2019 (ECF 33)

J. Noah Hagey
Matthew Borden *(pro hac vice)*
David H. Kwasniewski *(pro hac vice)*
BRAUNHAGEY & BORDEN LLP
7 Times Square, 27th Floor
New York, NY 10036
Tel. & Fax: (646) 829-9403
hagey@braunhagey.com
borden@braunhagey.com
kwasniewski@braunhagey.com
*Attorneys for Defendants*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................ 3

      A.     The Parties' September 25, 2019 Appearance Before Judge Block ..................... 3

      B.     This Court's September 25, 2019 Appearance before this Court .......................... 4

      C.     This Court's Order to Commence Discovery ........................................................ 4

      D.     Defendants' Discovery Requests Regarding Class Counsel Adequacy ................ 4

      E.     Plaintiff's Response and Unilateral Discovery Letter Brief .................................. 5

      F.     The Court's OSC Order ........................................................................................ 5

ARGUMENT ..................................................................................................... 5

I.      DEFENDANTS' COUNSEL IS UNAWARE OF ANY COURT ORDER
      PRECLUDING DISCOVERY OF PUTATIVE CLASS COUNSEL'S
      ADEQUACY OR HISTORY OF ETHICAL MISCONDUCT ......................................... 5

II.     DOCUMENT REQUESTS 11-13 SEEK INFORMATION LIKELY TO
      LEAD TO RELEVANT EVIDENCE .............................................................................. 9

      A.     The Requests Are Relevant ................................................................................... 9

      B.     Counsel Have an Ethical Obligation to Seek Relevant Evidence ....................... 12

      C.     Plaintiff's Arguments against Document Requests 11-13 Lack Merit ................ 12

III.    SANCTIONS UNDER RULE 37(B)(2)(A)(II-VII) SHOULD NOT BE
      ISSUED ............................................................................................................................ 14

IV.    MONETARY SANCTIONS SHOULD NOT BE ISSUED ........................................... 16

V.      COUNSEL SHOULD NOT BE DISQUALIFIED............................................................. 16

VI.     REFERRAL TO BAR AUTHORITIES ........................................................................... 17

Defendants Boon Technologies, LLC d/b/a Wondercide and its founder Stephanie Boone ("Defendants" or "Wondercide") and their undersigned counsel respectfully submit this response to the Court's Scheduling Order of December 27, 2019 re Plaintiff's letter brief requesting a "protective order" (ECF 33, the "OSC Order").

## INTRODUCTION

For the reasons set forth below, Defendants respectfully request that the Court's OSC Order be withdrawn or held in abeyance pending further proceedings. Wondercide is a family-owned pet product company based in Austin, Texas with minimal sales in this State who have been wrongly targeted by Plaintiff and his counsel in this putative "class action" product labeling case.

The OSC Order was issued in response to Plaintiff counsel's unilateral letter brief filed in violation of this Court's Individual Practice Rules, Rule IV, A., 1, which seeks a gag order on Defendants' ability to seek information related to Plaintiff's counsel's adequacy as prospective class counsel under Rule 23(a)(4), *viz*, counsel's past history ethical impropriety and related disciplinary issues. *See*, *e.g.*, *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc*., 586 F.2d 962, (2d Cir. 1978) (district court should have allowed discovery into adequacy of representation); *White v. Experian Information Solutions*, 993 F. Supp. 2d 1154, 1170 (C.D. Cal. 2014) (counsel's "unethical conduct, both before and during the litigation in question, is relevant to determining whether counsel is adequate under Rule 23"); *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011) ("When class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class"); *In re Am. Express Anti Steering Rules Antitrust Litig.*, Nos. 11-MD-2221 (NGG) (RER), 13-CV-7355 (NGG) (RER), 2015 WL 4645240 *12 (E.D.N.Y.

Aug. 4, 2015) ("In determining whether proposed class counsel is adequate, 'the Court may consider the honesty and integrity of the putative class counsels, as they will stand in a fiduciary relationship with the class.'") (quoting *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. 2010)); *Kulig v. Midland Funding, LLC*, No. 13 Civ. 4715(PKC), 2014 WL 5017817 *3 (S.D.N.Y. Sept. 26, 2014) ("Misconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification.")

One day after Plaintiff's request was made, and before Defendants had responded, the OSC directed Defendants to appear and show cause regarding the following issues: (a) striking Requests for Production 11-13; (b) evidence sanctions under Federal Rule of Civil Procedure 37(b)(2); (c) monetary sanctions; (d) disqualifying counsel; (e) referring counsel to disciplinary authorities. As set forth below, Wondercide and its counsel appreciate the gravity of the Court's concern about process and the integrity of lawyers' obligations – whether in this Court or anywhere – and do not understand what order they may have violated.

To be more specific, based on proceedings to date, Defendants and their counsel do not understand that the Court ever has circumscribed discovery into the adequacy of class counsel under Rule 23 or otherwise. To the extent the Court had done so, Defendants and the undersigned misunderstood and are willing to withdraw the subject discovery until such time as the Court may permit discovery into such issues. Defendants' counsel has successfully litigated well over a hundred similar putative "false advertising" class actions across the country. As reflected below, counsel's experience is that substantial case law supports inquiry into the adequacy of class counsel, including counsel's ethical and disciplinary history. The requests at issue were made in good faith, under a duty to advocate for Wondercide and not for any improper reason. Said differently, under relevant ethical strictures, counsel understood that such

discovery not only was potentially relevant to this proceeding (something Judge Block indicated in his colloquy with counsel at the parties' pre-motion conference on September 25, 2019) but that counsel had an obligation to seek such evidence to defend against the frivolous and strange claims against them.

Defendants and their counsel recognize that the Court is highly attuned to the misuse of the legal process by parties and counsel and welcome inquiry into their conduct here.  Moreover, the undersigned counsel has litigated in New York courts for over 17 years since his admission to the bar in 2003, and has a deep respect for the ethical strictures that guide attorney behavior in this jurisdiction.  In these circumstances, where there was no willful violation of any Court order, where the discovery in question was sought in good faith, where there has been no prejudice, where the opposing party filed its motion in violation of the Court's strictures, and where there is substantial case law supporting Defendants' counsel's obligation to protect its clients interests, the relief suggested in the Order is unwarranted.

## BACKGROUND

This putative class action was filed on April 23, 2019, by an Ohio-based lawyer, Mark Schlachet, Esq., on behalf of a New York resident, plaintiff Nathan Pasik.

### A.    The Parties' September 25, 2019 Appearance Before Judge Block

On September 25, 2019, the parties' counsel appeared before the Honorable Frederic Block to discuss Defendants' forthcoming motion to dismiss.  As part of that discussion, Plaintiff's lawyer raised the issue of Defendants' filing their Initial Disclosures in the record because the Initial Disclosures attached Sixth Circuit's Judiciary Committee's findings regarding Plaintiff's lawyer's prior misconduct as a bankruptcy judge in Ohio (the "Sixth Circuit

Findings").[1]   During colloquy with counsel, Judge Block noted that such information may be relevant to the issue of adequacy under Rule 23.  (Declaration of David Kwasniewski ("Kwasniewski Decl.") ¶ 5.)

**B.      This Court's September 25, 2019 Appearance before this Court**

Later on the day of September 25, 2019, the parties' counsel also appeared before this Court to discuss a discovery order.  The Court did not issue a discovery order.  It further struck both sides discovery conference statements for failure to follow the Court's Rules that such statements must be joint submissions, and because Defendants' submission attached Defendants' Initial Disclosures.  The Court stated as follows:

> [T]hat forty-year-old report may have some relevance to a motion to certify a class, which we'll get to in a moment but completely independent of that, you submitted a report unilaterally contrary to my instructions and you submitted within that initial disclosures in contravention of Rule 5(d).  So for that reason alone, I'm striking it and I'm also striking the unilateral submission by the plaintiff.

(Sept. 25, 2019 Tr. at 5:3-10.)

**C.      This Court's Order to Commence Discovery**

On December 11, 2019, following an unsuccessful mediation, this Court ordered that full discovery in the action should proceed, which normally would include discovery of matters related to class certification under Rule 23, such as adequacy of counsel.

**D.      Defendants' Discovery Requests Regarding Class Counsel Adequacy**

On December 13, 2019, Defendants served requests for documents, including Request Nos. 11-13 seeking information regarding Plaintiff's counsel's adequacy as potential class counsel.

---

[1] Out of an abundance of caution, Defendants are not putting the Sixth Circuit Findings into the Court record as part of this brief, or discussing their contents.  Should the Court wish to review the Sixth Circuit Findings, Defendants will submit them for the Court's review.

### E.      Plaintiff's Response and Unilateral Discovery Letter Brief

More than two weeks before any response was due, on December 23, 2019, Plaintiff's counsel sent an email demanding a retraction of the discovery within 24 hours. However, Mr. Kwasniewski was out for the Christmas holiday, and Plaintiff's counsel neglected to copy any of Defendants' other counsel of record, including the undersigned. (Declaration of Matthew Borden ("Borden Decl." ¶ 5.) On December 26, 2019, and without further notice or attempt to confer, Plaintiff filed his protective order motion. (*Id*.)

In the letter brief, Plaintiff's counsel states that he has not disclosed his prior ethical misconduct to his client. He admits this even though his firm widely advertises his prior experience as a federal bankruptcy judge in soliciting clients, presumably including the Plaintiff in this case. https://www.schlachet-lawfirm.com/attorney/mark-schlachet/.

### F.      The Court's OSC Order

On December 27, 2019, this Court issued the instant OSC Order requiring response on New Year's Eve, and the mandatory appearance of all counsel of record as well as Defendant's principal.

## ARGUMENT

## I.      DEFENDANTS' COUNSEL IS UNAWARE OF ANY COURT ORDER PRECLUDING DISCOVERY OF PUTATIVE CLASS COUNSEL'S ADEQUACY OR HISTORY OF ETHICAL MISCONDUCT

The undersigned counsel appreciates the concern expressed in the Court's OSC Order. Mr. Hagey has long practiced in this State, has never violated any Court Order, and never been disciplined for any alleged ethical impropriety. (Declaration of J. Noah Hagey ("Hagey Decl.") ¶ 2.) Nor has any of Defendants' other counsel of record ever violated a Court order or been subject to discipline. (Borden Decl. ¶ 2; Kwasniewski Decl. ¶ 2.)

5

The targeted discovery raised in Plaintiff's motion consists of three discrete requests for production of documents regarding Plaintiff's counsel's ability to serve as a fiduciary for absent class members, should this case ever make it to the class certification stage.  Setting aside the issue of whether such requests are relevant (discussed *infra*), in making the requests, Wondercide and its counsel respectfully had no information or impression that such discovery had been precluded by any prior order of this Court.

Defendants anticipate that the Court is concerned that something in the September 25, 2019 conference placed counsel on notice that the issue of Plaintiff's lawyer's prior misconduct was somehow inappropriate.  Defendants' counsel may be mistaken and deeply apologizes if they misread the import of the Court's discussion.  On face value, nothing in the transcript appeared to foreclose the subject of class counsel's adequacy related to the Six Circuit's findings.  Instead, the Court struck each party's conference statements because they were not joint filings, and additionally struck Defendants' filing because it included an extraneous attachment.  The Court then explained its ruling, noting that such information regarding Plaintiff counsel's history could be "potentially relevant" to the issue of "class certification":

> ***[T]hat forty-year-old report may have some relevance to a motion to certify a class***, which we'll get to in a moment but completely independent of that, you submitted a report unilaterally contrary to my instructions and you submitted within that initial disclosures in contravention of Rule 5(d).  So for that reason alone, I'm striking it and I'm also striking the unilateral submission by the plaintiff.

(Sept. 25, 2019 Tr. at 5:3-10 (emphasis added).)

In other words, in striking each side's case management statement, did not understand the Court to be ruling on the potential relevance of the Six Circuit's Findings, or of the issue of discovery into Plaintiff's counsel's ethical sobriety generally.  Defendants' counsel did not understand the Court to be making a ruling on the scope of discovery or that any private

discovery into issues related to the Sixth Circuit's findings (as opposed to public filings) was prohibited. This is especially true given that Defendants were never given the opportunity to brief the issue of relevance, discovery had not commenced at the time, and both Judge Block and this Court had separately stated that the Sixth Circuit Findings were relevant to the issue of adequacy of counsel.

If Defendants had understood the Court to be ruling that it was going to curtail discovery about adequacy, Defendants would have asked for permission to brief the issue, to clarify the scope of what discovery this Court was allowing and prohibiting, to preserve the issue for appeal to the extent discovery was denied, and to request that Plaintiff would not be allowed to argue to Judge Block that the Sixth Circuit Findings were too "old" or "remote" without allowing discovery related to them.

Discovery Requests 11-13 seek information that Defendants believe is relevant to the issues framed by the pleadings and did not unnecessarily put any materials into the public record. It was not Defendants' intent to violate any Court Order in propounding them. (Hagey Decl. ¶ 2; Borden Decl. ¶ 2; Kwasniewski Decl. ¶ 2.) Nor was it Defendants' intention to harass opposing counsel. (Hagey Decl. ¶ 4; Borden Decl. ¶ 4; Kwasniewski Decl. ¶ 4.)

More than two weeks before any response was due, on December 23, 2019, Plaintiff's counsel sent an email demanding a retraction of the discovery within 24 hours. However, Mr. Kwasniewski was out for the Christmas holiday, and Plaintiff's counsel neglected to copy any of Defendants' other counsel of record, including the undersigned. (Borden Decl. ¶ 5.) On December 26, 2019, and without further notice or attempt to confer, Plaintiff filed his protective order motion. (*Id.*)

7

Plaintiff's motion also violated of this Court's Individual Practice Rules, Rule IV, A., 1, which provides:  "Before filing a motion, please speak directly with opposing counsel to try to narrow or resolve the dispute on consent; please don't file a motion after simply exchanging email messages."  This requirement is also set out in Local Civil Rule 37.3(a) ("Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)").  Had Plaintiff responded to the requests, made objections, and communicated to Defendants about them, Defendants could have tried to resolve any disputes privately after learning whether responsive documents exist, how voluminous they are, how burdensome they are to obtain and what other objections Plaintiff had.

In the motion, Plaintiff argues that Document Requests 11-13 must be harassment because materials related to the Sixth Circuit Findings cannot be in Plaintiff's possession, and that Plaintiff was unaware of the findings.  A parties' obligation to produce documents, however, extends to materials in the possession, custody or control of a party, which include documents in the possession of a party's lawyer.  *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 224 (S.D.N.Y. 2013) (sanctioning parties that refused to produce responsive documents in the possession of their attorneys); *United States v. Arias*, 373 F. Supp. 2d 311, 314 (S.D.N.Y. 2005) ("Documents otherwise discoverable are not privileged simply because they are in the possession of a lawyer.").

Moreover, Wondercide had no way to know what Plaintiff knew or did not know about the Sixth Circuit Findings and underlying evidence.  There was nothing wrongful or harassing about asking Plaintiff to produce responsive materials in his possession, custody and control.

In sum, Plaintiff's seeks, through a discovery motion, to foreclose a possible defense on the merits.  Defendants respectfully submit that if the Court is concerned about the propriety of the subject discovery, that it permit briefing on the issue to enable Defendants to establish the bona fides of the requests and how such information is, in good faith, likely to lead to the discovery of potentially admissible evidence.  Defendants and their counsel moreover apologize in the most sincere vein if they misread or misunderstood the Court's oral rulings regarding the propriety of inquiring about the Findings.

## II.   DOCUMENT REQUESTS 11-13 SEEK INFORMATION LIKELY TO LEAD TO RELEVANT EVIDENCE

Defendants' counsel appreciates the Court's concern that extraneous matters involving opposing counsel not be used to influence or tarnish these proceedings.  But the propriety of counsel's conduct in his stature as a judge directly impacts his status as potential fiduciary to a class of unnamed plaintiffs.

Here, the Sixth Circuit Findings are publicly available.  Document Requests 11-13 seek documents related to those proceedings, as well as Plaintiff's lawyer's subsequent disclosures of these materials to bar authorities in Ohio and New York.  Most of the requested documents are not publicly available and can only be obtained through discovery.

### A.    The Requests Are Relevant

The requested discovery is relevant because adequacy of representation is one of the key requirements of Rule 23(a).  *Wexler v. AT & T Corp.*, 323 F.R.D. 128, 130 (E.D.N.Y. 2018) (Block, J.).  For this reason, the Second Circuit has long allowed discovery into adequacy of representation, as have the other jurisdictions where counsel have practiced.  *See*, *e.g.*, *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962 (2d Cir. 1978). As the Court explained in *Tams-Witmark*:

> In particular, "discovery may be necessary in order to . . . appraise the adequacy of representation." Frankel, *Some Preliminary Observations Concerning Civil Rule 23*, 43 F. R.D. 39, 41 (1967) R.D. 39, 41 (1967). *See generally Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974); *Huff v. N.D. Cass Company of Alabama*, 485 F.2d 710, 712-13 (5th Cir. 1973) (en banc); *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972). Failure to allow discovery, where there are substantial factual issues relevant to certification of the class, makes it impossible for the party seeking discovery to make an adequate presentation either in its memoranda of law or at the hearing on the motion if one is held.

*Id*. at 966.  Plaintiff has put whether the requirements of Rule 23, including adequacy, are met at issue by making "class action" allegations in the operative pleading.

Courts have also repeatedly held that past misconduct is relevant to adequacy.  Counsels' "unethical conduct, both before and during the litigation in question, is relevant to determining whether counsel is adequate under Rule 23."  *White v. Experian Information Solutions*, 993 F. Supp. 2d 1154, 1170 (C.D. Cal. 2014).  The reason why is that "Class counsel owe a fiduciary obligation of particular significance to their clients when the class members are consumers, who ordinarily lack both the monetary stake and the sophistication in legal and commercial matters that would motivate and enable them to monitor the efforts of class counsel on their behalf."  *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011).

For this reason:

> When class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1, pp. 468–69 (3d ed.2005); *see, e.g.*, *Wagner v. Lehman Bros. Kuhn Loeb Inc.*, 646 F. Supp. 643, 661–62 (N.D.Ill.1986); *Stavrides v. Mellon National Bank & Trust Co.*, 60 F.R.D. 634, 637 (W.D. Pa. 1973); *see also Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir.1987); *cf. Howard v. Ray's LLC*, No. 1:08–cv–627–RLY–MJD, 2011 WL 4625735, at *5 (S.D. Ind. Sept. 30, 2011).

*Id*. at 918.  *See also In re Am. Express Anti Steering Rules Antitrust Litig.*, Nos. 11-MD-2221 (NGG) (RER), 13-CV-7355 (NGG) (RER), 2015 WL 4645240 *12 (E.D.N.Y. Aug. 4, 2015)

("In determining whether proposed class counsel is adequate, 'the Court may consider the honesty and integrity of the putative class counsels, as they will stand in a fiduciary relationship with the class.' " (quoting *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. 2010))); *Kulig v. Midland Funding, LLC*, No. 13 Civ. 4715(PKC), 2014 WL 5017817 *3 (S.D.N.Y. Sept. 26, 2014) ("Misconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification."); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 216, 223 (2d Cir. 1987) (noting class counsel's fiduciary duty to class); *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597, 599 (S.D.N.Y. 1992) ("[A] Court must scrutinize the character, competence and quality of counsel retained by the plaintiff [in a putative class action]." (internal quotation marks omitted)).  In particular, putative class counsel's history of unethical behavior or misconduct may warrant denial of certification.  *See, e.g.*, *In re Am. Express*, 2015 WL 4645240 *13–16 (putative class counsel's misconduct in prior class actions warranted denial of certification); *Kingsepp*, 142 F.R.D. at 599–602 (putative class counsel's history of unethical behavior in prior, unrelated litigations rendered him inadequate class counsel).

In addition to shedding light on past misconduct, the evidence sought in Requests 11-13 may tend to show ongoing misconduct, such as failure to disclose what occurred to relevant bar authorities, any discipline that resulted in this jurisdiction as a result of the Sixth Circuit Findings and the underlying conduct, and why or why not such discipline occurred.  Such evidence is relevant to adequacy.  *E.g.*, *Kingsepp*, 142 F.R.D. 597, 603 (S.D.N.Y. 1992) (quoting *Armstrong v. Chicago Park Dist.*, 117 F.R.D. 623, 634 (N.D. Ill. 1987) ("In sum, Rule 23(a)(4) requires this Court to make a prediction about the adequacy of class counsel. 'As always when we are required to predict likely human behavior, the bases for that prediction must lie in past

conduct.'").[2]  It is also relevant to challenge Plaintiff's arguments that the Sixth Circuit Findings

are "old" or not a basis for finding inadequacy.  Given the nature of the Sixth Circuit Findings,

Defendants have a good faith belief that proper disclosures were not made to bar authorities,

which is why they requested that Plaintiff produce these documents.

### B.      Counsel Have an Ethical Obligation to Seek Relevant Evidence

Defendants' counsel are obligated under the Rules of Professional Conduct to seek

evidence, including the materials at issue, that may assist in defending the allegations against

their client.  *See* N.Y. Rule Professional Conduct 1.1(c)(1) ("lawyer shall not intentionally:  fail

to seek the objectives of the client through reasonably available means permitted by law and

these Rules").  *See also In re Tustaniwsky*, 758 F.3d 179, 182 (2d Cir. 2014) (sanctioning

attorney who failed to prosecute client's case, including by taking discovery, due to non-payment

of legal fees); *Home Ins. Co. v. Liebman, Adolf & Charme*, 683 N.Y.S.2d 519, 520 (1999)

(plaintiff state claim for malpractice by alleging attorney failed to seek appropriate discovery).

### C.      Plaintiff's Arguments against Document Requests 11-13 Lack Merit

The arguments that Plaintiff has made against having to respond to Document Requests

11-13 lack merit.  As a threshold matter, Plaintiff's motion was brought weeks before responses

to Document Requests 11-13 were due, in violation of this Court's Rules, and in the absence of

any meaningful effort to meet and confer.[3]  Had Plaintiff responded to the requests, made

---

[2] While bar records are presumptively sealed, New York law permits the courts to order their
release upon a showing of good cause. N.Y. Judiciary Law § 90.  And New York courts
recognize the longstanding principle that private or confidential records are discoverable once
the matters to which they pertain are put at issue in a case.  *Forman v. Henkin*, 93 N.E.3d 882,
890 (2018).  Plaintiff's lawyer made his disclosures to the bar relevant here by seeking to be
appointed class counsel.

[3] Plaintiff sent an email demanding a response within 24 hours to David Kwasniewski on
December 23, 2019, while David was out for the holiday, without copying any of the other
counsel of record.  (Borden Decl. ¶ 5.)  On December 26, 2019, Plaintiff filed his protective

objections, and communicated to Defendants about them, Defendants could have tried to resolve any disputes privately after learning whether responsive documents exist, how voluminous they are, how burdensome they are to obtain and what other objections Plaintiff had.

In his motion for a protective order, Plaintiff argued that Document Requests 11-13 must be harassment because materials related to the Sixth Circuit Findings cannot be in Plaintiff's possession, and that Plaintiff was unaware of the Findings.  (Mot. at 1.)  A parties' obligation to produce documents, however, extends to materials in the possession, custody or control of a party, which include documents in the possession of a party's lawyer.  *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 224 (S.D.N.Y. 2013) (sanctioning parties that refused to produce responsive documents in the possession of their attorneys); *United States v. Arias*, 373 F. Supp. 2d 311, 314 (S.D.N.Y. 2005) ("Documents otherwise discoverable are not privileged simply because they are in the possession of a lawyer.").  Moreover, Wondercide had no way to know what Plaintiff knew or did not know about the Sixth Circuit Findings and underlying evidence. There was nothing wrongful or harassing about asking Plaintiff to produce responsive materials in his possession, custody and control.

In sum, Plaintiff seeks, through a discovery motion, to foreclose a possible defense on the merits.  Under the Federal Rules, Wondercide should be free to try to develop evidence to contest adequacy, and Plaintiff is free to argue to the Court and/or the jury that Wondercide's evidence is insufficient – after Wondercide has been given the opportunity to pursue discovery on the issue.  For the foregoing reasons, Document Requests 11-13 should not be stricken.

---

order motion.  Plaintiff did not call Wondercide prior to filing his motion.  (*Id.*)  This tactic was not a reasonable to meet and confer, especially given that it was Christmas Eve.

**III.     SANCTIONS UNDER RULE 37(B)(2)(A)(II-VII) SHOULD NOT BE ISSUED**

Rule 37(b)(2)(ii)-(vii) provide for non-monetary sanctions where a party fails to obey a discovery order.  For the reasons stated above, Defendants did not understand the Court to be making a discovery order at the initial conference.  As noted above, had Defendants understood that the Court was precluding discovery relating the Sixth Circuit Findings or as to the underlying conduct, Defendants would have done their best to contest, clarify and preserve the issue, and then move on.

If a Court is going to punish a party for violating an Order, due process requires that the scope of the Order must be sufficiently clear.  In the similar context of contempt, "a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  *Perez v. Danbury Hospital, Danbury Office of Physician Services, P.C.*, 347 F.3d 419, 424–25 (2d Cir.2003) (internal quotation omitted); *see also Wella Corp. v. Wella Graphics, Inc.*, 874 F. Supp. 54, 56 (E.D.N.Y.1994).  "A 'clear and unambiguous' order is one that is 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'"  *Medallic Art Co., Ltd. v. Novus Marketing, Inc.*, No. 99 Civ. 502, 2003 WL 22053139 *1 (S.D.N.Y. Sept. 2, 2003) (citing *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir.1989) (cert. denied, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990)).  Moreover, to hold a party in civil contempt the "alleged contemnor 'must be able to ascertain from the four corners of the order precisely what acts are forbidden.'"  *Id.* (quoting *Drywall Tapers and Pointers of Greater New York, Local 1974*, 889 F.2d 389,395 (2d Cir. 1989)).

14

Without a culpable violation of a clear order, drastic evidentiary sanctions would not be consistent with the purpose of Rule 37.  To impose sanctions upon a party for violating a discovery obligation, the court must find that the party acted with a 'culpable' state of mind." *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 23 (S.D.N.Y.), *op. adopted*, 271 F.R.D. 55 (S.D.N.Y. 2010). Likewise, "a court may not impose sanctions under its inherent power unless the party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014) (quoting *Cretella v. Liriano*, 370 F. App'x 157, 159 (2d Cir. 2010) (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998))). This is because sanctions are intended as a deterrent, *see West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779-80 (2d Cir. 1999), and sanctions levied against a party who acted without a culpable state of mind can have little, if any, deterrent effect.

Further, there is no prejudice to Plaintiff for his lawyer having to read three document requests such that the severe remedy of evidentiary sanctions should be employed.  Plaintiff does not allege that Defendants have withheld any evidence or have done anything to prejudice the truthfinding process – which is the main purpose of non-monetary sanctions under Rule 37(b). *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) ("The discovery provisions of the Federal Rules of Civil Procedure are 'designed to achieve disclosure of all the evidence relevant to the merits of a controversy,'" and non-monetary sanctions are only appropriate "[w]hen a party seeks to frustrate this design by disobeying discovery orders [and] thereby preventing disclosure of facts essential to an adjudication on the merits") (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989)); *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988) (compliance with discovery orders "necessary to the integrity of our judicial process").  Indeed, counsel are unaware of any

15

controlling (or non-controlling) decision where a Court imposed evidentiary sanctions on a party for seeking discovery, as opposed to trying to evade discovery.

## IV.    MONETARY SANCTIONS SHOULD NOT BE ISSUED

Rule 37 only permits monetary sanctions where a party's position lacks "substantial justification."   As detailed in Section I above, Defendants' discovery requests seek relevant materials that Defendants have a good faith reason to believe exist.  The request are narrowly drawn, and Plaintiff has not objected to their scope in any event. Accordingly, the Court should not order monetary sanctions.

## V.    COUNSEL SHOULD NOT BE DISQUALIFIED

Courts are reluctant to disqualify counsel, because has an "immediate adverse effect on the client by separating him from his counsel of choice," and "inevitably cause[s] delay …" *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979); *see also DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) ("[T]he Court must demonstrate reluctance in granting motions to disqualify counsel.") (citing *W.T. Grant Co. v. Haines*, 531 F.2d 671 (2d Cir. 1976) ("Disqualification of present counsel and the substitution of a new attorney unfamiliar with the facts and the law will inevitably result in further harmful delay and expense to [the client]…. While disqualification is clearly punitive insofar as [the client is] concerned, its benefit to [the opposing party] is indeed questionable.  The business of the court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it."); *Glueck v. Jonathon Logan*, 653 F.2d 746, 748 (2d Cir. 1981) (disqualification should granted "only when a violation of the Canons of the ABA Code of Professional Responsibility poses a significant risk of trial taint.").

Disqualification thus requires a determination that allowing a client to keep her attorney of choice would result in "fundamental unfairness," such as when an attorney, by virtue of prior

16

representation of an adverse party, has access to confidential or privilege information. *See Blue Planet Software, Inc. v. Games Int'l, LLC*, 331 F. Supp. 2d 273, 276–77 (S.D.N.Y. 2004) (disqualification may be appropriate "when an attorney might benefit a client in a lawsuit by using confidential information about an adverse party obtained through prior representation of that party" (citing *Glueck*, 653 F.2d at 748)).

Here there is no risk of trial taint or any other basis for disqualifying Defendants' counsel.  As noted above, the Sixth Circuit Findings are publicly available.  Defendants have not received any confidential or privileged information of the Plaintiff or his attorney, or in any way comprise litigation on the merits.

## VI.    REFERRAL TO BAR AUTHORITIES

It would be inappropriate to refer counsel to bar authorities or to vacate counsels' pro hac vice applications because counsel have not done anything that violates the Rules of Professional Conduct.  In the September 25, 2019 conference, the Court referenced New York Rules of Professional Conduct 3.1 and 3.4(d)(1).

Rule 3.1 prohibits attorneys from asserting a meritless claims or contentions.  Similarly, Rule 3.4 (d)(1) prohibits a lawyer from stating or alluding to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence.  For the reasons in Sections I and II above, counsel have not taken any frivolous or bad faith positions or referred to irrelevant or inadmissible evidence.  Substantial authority supports Defendants' right to seek discovery about the adequacy of counsel, and using such discovery to defend against class action allegations.  Defendants would like to supplement the record with an expert declaration on this ethics issue, but have not had sufficient time to do so.  Defendants will provide such materials to the Court, along with a request for leave to file it, as soon as possible.

Dated: December 31, 2019

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP


By: */s/ J. Noah Hagey*
       J. Noah Hagey

BRAUNHAGEY & BORDEN LLP
7 Times Square, 27th Floor
New York, NY 10036
Tel. & Fax: (646) 829-9403

Attorneys for Defendants
Wondercide and Stephanie Boone