**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|  |
|---|
| Chanan Nathan Pasik, individually and on behalf of others similarly situated |
| Plaintiff, |
| v. |
| Boon Technologies, LLC, et al., |
| Defendant. |

Case No. 19-CV-2357-FB-JO

**DECLARATION OF MATTHEW BORDEN, ESQ. RE ORDER TO SHOW CAUSE**

1

I, Matthew Borden, declare:

1.      I am licensed to practice before this Court and am counsel of record for Defendants. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently to the facts below.

2.      I was admitted to the California Bar in 2001.  I have deep respect for our Courts and have worked for federal courts in different capacities.  In my practice, I have always tried to follow Court Orders.  I have never been found to violate a Court Order by any Court.  I have not tried to violate any Order by this Court.  To the extent I have done anything that the Court believes violates any of its Orders, I apologize.

3.      I have defended numerous class actions.  In such cases, adequacy of representation is commonly an issue.  For example, in one of my recent cases, the plaintiff had filed over 20 previous lawsuits claiming to be misled by various products and defendants; his lawyer had initiated many of the claims; and his lawyer had been sanctioned by the Court of Appeals for filing a frivolous appeal.  In another class action I recently defended, the plaintiff's lawyers were contemporaneously being sued under RICO for paying individuals to act as plaintiffs in other putative class action lawsuits.  Although adequacy can be a sensitive topic on which to take discovery, I have never been denied such discovery in any case I have led or participated in during my career.

4.      In seeking the discovery at issue, it was not my intent to harass Plaintiff's lawyer. I have never met Mr. Schlachet, but our communications have not been acrimonious and at times have been humorous.

5.      On December 23, 2019, Plaintiff emailed my associate David Kwasniewski that he intended to seek a protective order, and demanded a response within 24 hours.  The email did not copy any of Defendants' other counsel of record, and David was out for the holiday, so we never

2

learned about the email until after Plaintiff filed his motion on December 26, 2019.  Plaintiff did not call anyone at my firm prior to filing the motion.

6.    In reviewing the transcript from the September 25, 2019 conference, I did not understand the Court to be limiting the scope of discovery on adequacy or representation.  Had I thought that to be the case, I would have requested the Court's permission to brief the issue, sought the Court's guidance on what discovery was, and was not, allowed and followed the Court's directives.  If the Court believes that Document Requests 11-13 are improper, Defendants are prepared to withdraw them.

I swear under penalty of perjury under the laws of the United Sates that the foregoing is true and correct.


Dated: December 31, 2019                    By:  _____  */s/ Matthew Borden*  _____
                                                 Matthew Borden