**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Chanan Nathan Pasik, individually and on behalf of others similarly situated

           Plaintiff,

    v.

Boon Technologies, LLC, et al.,

           Defendant.

Case No. 19-CV-2357-FB-JO

**DECLARATION OF DAVID H. KWASNIEWSKI, ESQ. RE ORDER TO SHOW CAUSE**

I, David H. Kwasniewski, declare:

1.     I am licensed to practice before this Court and am counsel of record for Defendants. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently to the facts below.

2.     I was admitted to the California Bar in 2012.  Class action defense, especially in the area of consumer packaged goods, has always been a mainstay of my practice.  No Court has ever found that I have violated a Court Order.  I have not tried to violate any Order by this Court.  To the extent I have done anything that the Court believes violates any of its Orders, I apologize.

3.     In my experience with class action defense, discovery on the adequacy of the plaintiff and plaintiff's lawyers is fairly routine because adequacy is often a problem for the plaintiffs in these cases.

4.     In seeking the discovery at issue, it was not my intent to harass Plaintiff's lawyer. I have met Mr. Schlachet and communicated with him many times, and we have a professional relationship.

5.     On September 25, 2019, I attended a pre-motion conference before Judge Block, followed by a discovery conference before this Court.  During the pre-motion conference, Judge

1

Block stated that the Sixth Circuit Judiciary Committee Report that was attached to Defendants' Initial Disclosures may be relevant to the issue of adequacy under Rule 23 in response to Mr. Schlachet raising the issue.

6. After the September 25, 2019 conference before this Court, I did not understand the Court to be limiting the scope of discovery on adequacy or representation. My understanding was that the Court was striking Defendants' statement because it was not a joint submission, and because it attached the initial disclosures in contravention of the Court's Rules. Had I thought that the Court was ordering Defendants not to conduct discovery related to the Sixth Circuit Report, Defendants would not have propounded Document Requests 11-13. If the Court believes that Document Requests 11-13 are improper, Defendants are prepared to withdraw them.

I swear under penalty of perjury under the laws of the United Sates that the foregoing is true and correct.


Dated: December 31, 2019                    By:    */s/ David H. Kwasniewski*
                                                   David H. Kwasniewski

2