# Mark Schlachet, Esq.
Tel:216-225-7559
email: markschlachet@me.com

| | |
|---|---|
| **3515 Severn Road** | **9511 Collins Ave.** |
| **Cleveland, Ohio 44118** | **Apt. 605** |
| | **Surfside, FL 33154** |
| **1249 East 35th Street** | **(Succos-Shavuos)** |
| **Brooklyn, New York 11210** | |
| | **Admitted: OH, NY** |

January 15, 2019

Magistrate Judge James Orenstein
Eastern District of New York
225 Cadman Plaza East, Room 1227 South
Brooklyn, New York 11201

Re: Pasik v. Boon Technologies, LLC et al, Case No. 19-2357-FB-JO

Dear Judge Orenstein:

     Undersigned represents plaintiff in the captioned matter.  We write at this time to request relief pursuant to Rule 26(c) and Local Rule 26.4 vis-à-vis the timing of and expense attendant to a deposition.  **I hereby certify that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.**  As the Rules committee noted in comment to Subdivision (b)(1) of Rule 26, "it is hoped that reasonable lawyers can cooperate to manage discovery without the need for judicial intervention."  Unfortunately, that goal was unattainable in this instance . . . as it was in a previous instance of setting a reasonable time for Plaintiff Chanan Pasik's deposition.  A simple matter of scheduling!

     Rule 26(c) states:

> upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending . . . may make an order which justice requires to protect a party or person from . . .

> undue burden or including . . . (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

The instant request for relief implicates both timing and undue expense.

Some time ago, without prior consultation, defendant Wondercide set a deposition of the plaintiff for December 30, 2019, the last night of Hanukah. Defense counsel is very much aware of undersigned's religious commitments. Upon plaintiff's request Wondercide agreed to re-schedule the deposition for January 6, 2020. Plaintiff urged Wondercide to reset the deposition for January 13-16, as counsel had other matters in New York City in that timeframe and could avoid the expense of a trip from Florida if Wondercide would cooperate, as required by Local Civil Rule 26.4(a):

> Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures.

Wondercide counsel refused, leaving plaintiff with a choice between seeking judicial intervention in the matter or acceding to what we viewed as an unreasonable demand. We chose to accede to an unreasonable demand and avoid Court intervention.[1]

The Court issued an order to show cause on December 27, 2019. Defendants said nothing of cancelling the January 6th deposition (to which plaintiff had reluctantly acceded) for eight (8) days. On the afternoon (EST) of January 3, 2020, defendants canceled the deposition over plaintiff's protest. The assigned reason for the cancellation was uncertainty over the scope of discovery, something

---

[1] Actually, counsel did say they were unavailable, which they had said on many (most) occasions in various contexts, by reason of which undersigned himself observed, and asked Wondercide on December 16, 2019 to observe, a protocol of "authenticated unavailability: "In this instance, therefor, should January 13th-15th be inconvenient, I want clear documentary support that both Matt and David cannot take the deposition on any of those days, e.g. a court order for a court appearance or verifiable statement in writing as to the precise cause of other unavailability   Absent such evidence of unavailability I will conclude that any claim of unavailability is not properly authenticated." See Exhibit 1 hereto.

known for eight (8) days. Plaintiff tried to allay defendants' concern with a commitment to resume the deposition should the Court at or after the January 10th hearing allow inquiry into certain events circa 1982.

Following the December 27 order to show cause plaintiff had booked a flight for 50,000 reward points and hotel for $230. Had defendants promptly, on December 27-28 advised plaintiff of their intent to cancel, none of those expenditures would have been made. Fortunately plaintiff was able to cancel the bookings without penalty, losing only $17.00 for flight insurance.

On January 13, 2020 Wondercide noticed (by email, which Wondercide refuses to permit plaintiff to use to effect service of papers) plaintiff's deposition in New York City on January 21, 2020. Undersigned advised Wondercide counsel that he is required to be at a hearing in New York City on February 6th and March 4th, and requested that plaintiff's deposition be set for one of those timeframes, again, so as to avoid a separate trip to New York City from Florida for the deposition. Wondercide has not suggested that February 6th is unfeasible by reason of scheduling conflict or otherwise.

Nevertheless, defendants' counsel has refused to cooperate, viewing undersigned as "available" and giving no weight to "undue burden or expense" per the above-quoted Rule 26(c). Instead of addressing plaintiff's concern with a needless trip to New York City, Wondercide counsel has offered alternative dates during the week of January 21st, which solves nothing. The parties met and conferred on January 15, 2020, to no avail.

As Wondercide's only stated reason for selecting January 21st and rejecting February 6th is undersigned's "availability," we have decided to request Court intervention to stem the growing clash with Local Rule and professional standards. The underlying modality raised here arises frequently in this case in virtually every context requiring cooperation, e.g. email service of papers, providing WORD copies of discovery, responding to requests to meet and confer, and attempting resolution.

Plaintiff requests the Court's protective order, staying the deposition notice for January 21, 2020.

> Respectfully submitted,
>
> /s/ Mark Schlachet