UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


CHANAN NATHAN PASIK,            *      Case No. 19-CV-02357(FB)
                               *
            Plaintiff,         *      Brooklyn, New York
                               *      January 16, 2020
    v.                         *
                               *
BOON TECHNOLOGIES, LLC,         *
 et al.,                       *
                               *
            Defendants.        *
                               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

       TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
           BEFORE THE HONORABLE JAMES ORENSTEIN
             UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:              MARK SCHLACHET, ESQ.
                               Law Offices of Mark Schlachet
                               3515 Severn Road
                               Cleveland, OH  44118


For the Defendants:            DAVID KWASIEWSKI, ESQ.
                               MATTHEW B. BORDEN, ESQ.
                               BraunHagey & Borden LLP
                               351 California Street
                               San Francisco, CA  94104




Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

(Proceedings commenced at 11:33 a.m.)

THE COURT:  Good afternoon, everybody -- I'm sorry. Good morning, everybody.  It's Judge Orenstein.

We're on the record in Pasik against Boon Technologies, 19-CV-2357.  Can everybody hear me?

MR. SCHLACHET:  Yes, Your Honor.

MR. BORDEN:  Yes, Your Honor. Good morning.

THE COURT:  Good morning.  Would you state your appearances, please.

MR. SCHLACHET:  Your Honor, good morning.  Mark Schlachet for the plaintiff.

THE COURT:  Good morning.

MR. BORDEN:  Good morning, Your Honor.  This is Matt Borden, and I have David Kwasniewski on the line as well for the defendants.

THE COURT:  Good morning.  All right, folks.

Disappointing, to say the least, to see the latest exchange of letters.

Mr. Borden and Mr. Kwasniewski, what's the difficulty in deposing the plaintiff when counsel is next in New York?

MR. BORDEN:  This is Mr. Borden, Your Honor.

I have a hearing the day before in state court here in California and I have a deposition tentatively set in another case as well.

3

THE COURT:  All right.  And Mr. Kwasniewski, what's your availability?

MR. KWASNIEWSKI:  I'm sorry, Your Honor.  Just taking if off mute.  Yes, I'm assisting Mr. Borden in those matters.

THE COURT:  And what's Mr. Hagey's availability?

MR. BORDEN:  I actually have not -- the day-to-day knowledge about this case is -- resides with me and Mr. --

THE COURT:  Mr. Hagey is counsel of record.  What's his availability?

MR. BORDEN:  Your Honor. I just don't know the answer to that question.

THE COURT:  Let me ask it this way. Do you know of any reason why Mr. Hagey is not available that day?

MR. BORDEN:  Well, he has a case that's going to trial in March down in San Diego, so --

THE COURT:  I didn't ask about March.  I asked -- excuse me. I didn't ask about March. I asked about February 6th.

MR. BORDEN:  I understand, Your Honor, and --

THE COURT:  Do you know that he is unavailable --

MR. BORDEN:  Without --

THE COURT:  Excuse me.  Do you know that he unavailable on that day?

MR. BORDEN:  I do not know for a fact that he's

unavailable that day.

THE COURT:  Okay.  Well, it's distressing to me to find --

MR. BORDEN:   I have --

THE COURT:  Excuse me.  It's distressing to me to hear, given the exchange of letters in the attached correspondence, that before refusing what sounds like a reasonable request to accommodate scheduling, you didn't find out whether somebody was available to do it.

And, you know, it's not lost on me that you're saying these other matters require two attorneys and neither one can be spared for the deposition here. So look.  Do it on February 6th or some other date that you all agree on.

Let me ask you, have you actually issued a deposition notice for -- what was the date?  January 30th?

MR. BORDEN:   I believe it's the 21st, Your Honor.

THE COURT:  Oh, for Tuesday.  Okay.  So when did you issue a notice with the January 21st date?  When did you issue a properly served deposition notice specifying January 21st as the date?

MR. KWASNIEWSKI:  Your Honor, this is Mr. Kwasniewski.

That notice was served on January 13th.

THE COURT:  Eight days notice, knowing that Mr. Schlachet would have to get tickets and wasn't already

5

planning to be there, correct?

MR. BORDEN:  Your Honor, it's slightly -- this is Mr. Borden again.

It's a slightly different situation.

THE COURT:  Well, no, I'm just asking --

MR. BORDEN:   -- emailed --

THE COURT:  Excuse me. I'm just asking if the factual assertion I made was a correct one.  Was it correct or was it incorrect?  It's one or the other I'm sure.

MR. BORDEN:  The factual assertion that the notice --

THE COURT:  Look.  Here's the question I asked. Don't reframe it, please, because I know what I'm trying to find out.

When you issued the notice on -- January 13th I think you said?  So eight days advance notice.  You already knew that Mr. Schlachet had said he wasn't planning to be in New York on the 21st and was asking about February 6th.  Is that correct?

(Pause.)

MR. BORDEN:   I'm going to defer to Mr. Kwasniewski because he was the one communicating with Mr. Schlachet about this.

THE COURT:  All right.  Mr. Kwasniewski, you've been cast as the stunt lawyer.  What is the answer?

MR. KWASNIEWSKI:  Your Honor, we first raised --

THE COURT:  No, look.  I just -- I really want a correct or incorrect response.

MR. KWASNIEWSKI:  Your Honor, to the best of my knowledge, that's not correct.

THE COURT:  Okay.  In what way is it incorrect?

MR. KWASNIEWSKI:  When I first asked Mr. Schlachet about his availability for deposition the week of January 23rd, I wasn't told that he had -- that he would be unavailable on that day.

THE COURT:  Is that correct, Mr. Schlachet?

MR. SCHLACHET:  I believe it is, Your Honor.

THE COURT:  Okay.  So did you know at that point, Mr. Kwasniewski, that he was saying look, can we do this on my next trip to New York?

MR. KWASNIEWSKI:  No, Your Honor.  What he was saying was that --

THE COURT:  Okay.  Well, look.  Why can't you guys just work this out so that you're not requiring Mr. Schlachet or you guys -- because you have to travel as well.  Why can't you just work out a time when it fits into both schedules?  I see an effort for Mr. Schlachet to do that in the correspondence.  I don't see that on your side, Mr. Kwasniewski.

(Pause.)

THE COURT:  Look --

MR. KWASNIEWSKI:  Well --

THE COURT:  Look.  Guys, we do have some rules here.  One of them that you've been ignoring, among several others, frankly, is the rule requiring cooperation in discovery.

I'm going to grant the protective order.  I encourage you to find a date, if February 6th isn't good, find a date when nobody has to make a special trip.  Don't purposely impose costs on each other just because you don't like each other.

Also, I see in the correspondence that you're making life difficult for the plaintiff by insisting on mailing things and not providing electronic mail.

If you want to make sure you get things by mail, that's fine.  But give each other, you know, your documents electronically as well, please, so that you're not making life difficult.  Understood?

MR. BORDEN:  Understood.

MR. SCHLACHET:  Understood.

MR. BORDEN:  That's perfectly fine with us.

THE COURT:  Okay.  Last thing, admission pro hac vice is a privilege and one not to be abused.

The attorneys who have been admitted pro hac vice for the defendant have been abusing that privilege, they've

been flouting the rules of the court.  They've been warned and they continue to do it.

I'm vacating my orders granting admission pro hac vice.  That leaves Mr. Hagey still admitted in this district, so I'm not disqualifying counsel.  That will be the next step.

And I've thought long and hard about these additional steps because, as you know, I've been trying to avoid letting your antics on the defense side get in the way of an orderly resolution of the case on the merits.  But you keep flouting the rules of this court. I've discussed this with Judge Block and he agrees.

So to sum up, you're free to continue sending things by regular mail, if you'd like, but as a matter of courtesy please send documents to one another by email. Please adhere to the requirement of cooperation in the discovery process.

The protective order is granted without prejudice to the parties' right to find an alternate date for the plaintiff's deposition to February 6th on consent.

And I have vacated the prior -- the prior orders granting pro hac vice admission.

Is there anting else for today, folks?

MR. SCHLACHET:  Nothing, Your Honor.

MR. BORDEN:   Not from our side. I just -- you

know, I have not tried to flout any rules and I just wanted to tell you that. I didn't get a chance to speak at the hearing, but it's never been my intention to violate any rules or court orders, or anything like that.

And, you know, we tried to work out reasonable dates and be accommodating for this deposition and I have been the person, you know, in charge of the day to day taking discovery, and I was the person who was planning to take it.

And I'm -- you know, unavailable on the 6th. I think it's probably mooted out by the fact of Your Honor's order, but I just wanted to let the court know that.

THE COURT:  All right.  Now I know.  Have a good day, everybody.

MR. SCHLACHET:  Thank you, Your Honor.

(Proceedings concluded at 11:44 a.m.)

I, CHRISTINE FIORE, court-approved transcriber and certified electronic reporter and transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

January 23, 2020

_____

Christine Fiore, CERT

    Transcriber

Fiore Reporting and Transcription Service, Inc.    203-929-9992