# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**J. Noah Hagey, Esq.**
Managing Partner
hagey@braunhagey.com

January 30, 2020

**VIA ECF**

The Honorable James Orenstein
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Request for Partial Reconsideration; *Pasik v. Boon Technologies, LLC, et al.*, Case No. 19-2357-FB-JO (E.D.N.Y.)

Dear Judge Orenstein:

We respectfully submit this letter pursuant to Local Rule 6.3 and Individual Practice Rule IV(A)(2), to request that the Court reconsider the portion of its January 16, 2020 Minute Order disqualifying Defendants' lead counsel, Matthew B. Borden and David H. Kwasniewski ("Lead Counsel"), by withdrawing the Court's grant of *pro hac vice*. See ECF No. 41 (*vacating* July 11, 2019 and October 4, 2019 *pro hac vice* admissions).

Plaintiff and his counsel do not oppose this motion. The parties have resolved their other disputes in this case and are prepared to submit a notice of voluntary dismissal with prejudice under Rule 41 pending final adjudication of this issue.

As context, we recognize that the opportunity to practice before this Court is an honor and attorneys practicing here are held to the highest professional standards. My partner Andrew Levine, who clerked in this Court, will be assisting in the matter should it proceed. We fully appreciate that Your Honor believes Lead Counsel did not satisfy these standards, *i.e.*, regardless of their alleged subjective good intent and committement to advocate for their clients. Messrs. Borden and Kwasniewski collectively have practiced in federal courts around the country for almost thirty years without any prior sanction or disciplinary issue. They are respected and ethical advocates for clients in need of representation, including *pro bono* and indigent clients in highly publicized cases. We take to heart Your Honor's admonitions, as well as your discretion to impose a variety of remedies to preserve the integrity of the judicial process and parties appearing before the Court.

At the same time, and with deep respect for Your Honor and the Court, the minute order revoking Lead Counsel's practice in this case has lasting consequences for Lead Counsel, both professionally and in connection with representation of these and other clients in this District and elsewhere. The Second Circuit has recognized that "revocation of *pro hac vice* status is a species of sanction," and "the grounds for revoking *pro hac vice* status should not diverge significantly from the grounds for disqualifying admitted counsel." *Martens v. Thomann*, 273 F.3d 159, 175, 177 n.11 (2d Cir. 2001); *GB v. Town of Hempstead*, 2019 WL 3330243, at *2 (E.D.N.Y. May 1, 2019) (citing cases) ("Second Circuit precedent is clear that courts should be reluctant to disqualify attorneys."). *See also Haas v. Burlington Cnty.*, 2019 WL 5587259, at *3-4 (D.N.J.

| San Francisco | New York |
|---|---|
| 351 California St., 10th Floor | 7 Times Square, 27th Floor |
| San Francisco, CA 94104 | New York, NY 10036-6524 |
| Tel. & Fax: (415) 599-0210 | Tel. & Fax: (646) 829-9403 |

Oct. 30, 2019) (analyzing a motion to vacate an attorney's *pro hac vice* admission using the same standard as revocation).[1]

In such circumstances, the Second Circuit has held that removal of counsel generally is limited to those cases "where an attorney's conduct tends to taint the underlying trial, because federal and state disciplinary mechanisms suffice for other ethical violations." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) (internal quotation marks omitted); *see also Glueck*, 653 F.2d at 748 (attorney disqualification "should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint"); *European Cmty. v. RJR Nabisco, Inc.*, 134 F. Supp. 2d 297, 305 (E.D.N.Y. 2001) ("[T]he Second Circuit has held that it is reversible error for a district court to disqualify counsel for ethical violations which do not rise to the level of 'taint.'").

In light of the Second Circuit's standard, the consequences of the Court's decision for Lead Counsel, and the absence of any risk of trial taint, we respectfully request that Your Honor reconsider and vacate the portion of the January 16, 2020 minute order at issue. The imprimatur of the Court's message remains. As further consideration, should this matter proceed for whatever reason, Defendants' attorneys admitted to the New York bar, Andrew Levine and the undersigned, represent that we will take personal responsibility for further direct interactions with opposing counsel and the Court.

We appreciate Your Honor's consideration of this motion and pray that the minute order be vacated and Lead Counsel's admissions to practice here be restored. As noted, Plaintiff and his counsel do not object to such relief.

Respectfully submitted,

J. Noah Hagey

Cc: All parties and counsel of record (via ECF)

---

[1] *See also Cole v. U.S. Dist. Court For Dist. of Idaho*, 366 F.3d 813, 822 (9th Cir. 2004) ("Pro hac vice counsel, '[o]nce admitted, ... cannot be disqualified under standards and procedures any ... more stringent than those imposed upon [members of the local bar].'"); *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1371–72 (11th Cir. 1989) ( "Indeed, Kirkland has conceded in his brief and at oral argument that an attorney who has been admitted pro hac vice enjoys the same basic procedural rights as do regular counsel. We believe it would be incongruous to hold otherwise, in view of the fact that pro hac vice counsel are subject to the same professional responsibilities and ethical standards as regular counsel."); *United States v. Collins*, 920 F.2d 619, 626 (10th Cir. 1990) (relevant holding intact, other holding superseded by statute) ("Attorneys admitted pro hac vice are held to the same professional responsibilities and ethical standards as regular counsel. Once admitted, pro hac vice counsel cannot be disqualified under standards and procedures any different or more stringent than those imposed upon regular members of the district court bar."); *Koller By & Through Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1054 (D.C. Cir. 1984) (*vacated on other grounds sub nom.*) ("We cannot agree with the [lower court's] premise that pro hac vice counsel, once admitted, are subject to disqualification more readily than are regularly admitted counsel. Nothing in the local rules of the district court or in our cases suggests such a distinction," and overturning lower court's revocation of pro hac vice status.).