```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
CHAIM NATHAN PASIK,                                          MEMORANDUM
                              Plaintiff,                     AND ORDER
              - against -
BOON TECHNOLOGIES, LLC, et al.                               19-CV-2357 (FB) (JO)
                              Defendants.
---------------------------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

By orders dated July 11 and September 27, 2019, respectively, I granted attorneys Matthew Borden and David H. Kwasniewski permission to appear as the defendants' counsel of record *pro hac vice*. In their representation of the defendants, attorneys Borden and Kwasniewski, along with their colleague Jonas N. Hagey (who is a full member of the bar of this court) repeatedly violated court orders and engaged in gratuitous *ad hominem* attacks on opposing counsel. Their misconduct continued despite repeated admonitions to stop and warnings of potential sanctions. While I provide record citations in the margin for the history of the attorneys' misconduct in this case, I will not rehearse the specifics here.[1] I ultimately decided that the misconduct warranted the vacatur of my earlier order admitting attorneys Borden and Kwasniewski *pro hac vice*. *See* DE 41.

---

[1] *See* Docket Entry ("DE") 19 (plaintiff's motion to strike defendants' case management statement); DE 21 (minute order dated Sept. 25, 2019, granting motion to strike); DE 22 at 4, 5-6 (transcript dated Sept. 25, 2019, setting forth details of defense counsels' violation of court order and "transparent effort to sully [opposing counsel's] reputation without accomplishing anything in this case[,]" warning counsel against similar misconduct in the future, and noting that the episode was relevant to whether counsel should be permitted to appear *pro hac vice*); Order dated Dec. 10. 2019 (responding to defense counsels' further violation of court order by affording "the defendants an opportunity to be heard as to why they should not be sanctioned for their apparently willful defiance of multiple lawful court orders" and directing attorney Kwasniewski "to explain why, in light of his most recent failure to comply with a court order, this court should continue to extend him the privilege of appearing *pro hac vice*"); DE 33 (plaintiff's motion for protective order); Order dated Dec. 27, 2019 (directing the defendants to show cause why their continuing misconduct did not warrant remedies including, among other things, "ordering the defendants to reimburse the plaintiff the costs, including reasonable attorneys' fees, arising from what appears to be the defendants' continued harassment of plaintiff's counsel; … disqualifying defendants' counsel for their apparent unwillingness to comply with court orders and the applicable rules of professional conduct;…

The parties later settled the case. *See* DE 52 (stipulation and order dismissing case). While the case is now closed, one item remains pending: the defendants seek reconsideration of my order vacating the *pro hac vice* admission of attorneys Borden and Kwasniewski because they fear that it will have "lasting consequences" for their professional careers. DE 47 at 1. The plaintiff and his counsel – the latter of whom was the victim of the defendants' unconscionable harassment – neither join in the motion nor oppose it. *See id.*; DE 48. The parties report that they did not bargain for the plaintiff's non-opposition to the instant motion in reaching an agreement to settle the underlying case. *See* DE 48.

I now grant the motion. I do not do so because I have come to the conclusion that the defendants' attorneys were undeserving of severe sanctions. To the contrary, I remain shocked by their conduct and satisfied that it demonstrated an abdication of the responsibility of all counsel to abide by the rules of this court and of professional responsibility.[2] Moreover, given the nature of the core element of the defendants' misconduct – an unrelenting effort to tar opposing counsel with unproven allegations of irrelevant misconduct from decades in the past – it would be nothing less than just for the order at issue here to dog their attorneys for the remaining decades of their careers.

---

referring all of the defendants' current counsel of record to all appropriate disciplinary authorities for investigation and such sanctions as they may deem appropriate; and … upon the conclusion of any disciplinary proceedings before this court's Committee on Grievances, vacating the orders granting counsel the privilege of appearing *pro hac vice* in this case"); DE 37 (minute order dated Jan. 10, 2020, granting motion for protective order and taking under advisement the question of additional remedial action); DE 42 (transcript dated Jan. 10. 2020); DE 39 (plaintiff's motion for protective order); DE 41 (minute order dated Jan. 16, 2020, granting motion for protective order and vacating prior orders admitting defense counsel *pro hac vice*); DE 43 at 7-8 (transcript dated Jan. 16, 2020) ("[A]dmission pro hac vice is a privilege and one not to be abused. The attorneys who have been admitted pro hac vice for the defendant [sic] have been abusing that privilege, they've been flouting the rules of the court. They've been warned and they continue to do it.").

[2] I also do not suggest that attorney Hagen was comparatively blameless simply because the order at issue did not carry any consequence for him personally. Because he is a member of this court's bar, he simply had no need to seek admission *pro hac vice*. As the record makes clear, however, he was just as responsible for the attorney misconduct in this case as his colleagues.

But such retributive justice will serve no one's interests, as the plaintiff's counsel, to his credit, apparently recognizes. Moreover, my goal in revoking the orders of admission *pro hac vice* was simply to put a stop to the misconduct in this case and proceed to a resolution of the claims on the merits. I did not seek to punish counsel; to the contrary, I decided not to refer counsel to the appropriate disciplinary authorities precisely because I did not want them to suffer permanent consequences for misconduct in a single case. I therefore grant the motion in the hope that the plaintiff's counsel's act of grace will be more effective than any sanction could be in prompting attorneys Hagey, Borden, and Kwasniewski to give serious consideration to the standards of conduct a court properly expects of the attorneys it admits to its family of practitioners.

For the reasons set forth above, I vacate the pertinent portion of my order of January 16, 2020, docket entry 41, and reinstate my orders of July 11 and September 27, 2019, admitting attorneys Matthew Borden and David H. Kwasniewski, respectively, *pro hac vice*.

SO ORDERED.

Dated: Brooklyn, New York
October 15, 2020

                                                                 /s/
                                              James Orenstein
                                              U.S. Magistrate Judge